Per Curiam.

On an indictment for a forcible entry and detainer, it is settled beyond all question, by the decisions of our own courts, that the defendant may be convicted of a forcible detaineronly. [ The People v. Anthony, 4 J. R. 198. People v. Richard, 8 Cowen 226.]
*246 In this case the jury have found the defendant guilty of a forceable detainer, from all the evidence spread before them; and ^e court have no disposition to interfere with their decision upon the questions of fact.
Although the title to the premises cannot be enquired into, in a prosecution of this nature, still the relator is bound to set forth his title so far as to show himself within the provisions of the act. The title of the relator may be controverted by the defendant, but he cannot set up his own as a substantive matter of defence. The question of title, as between the relator and the deféndant cannot be tried in this manner; but the latter, if his claim is paramount to that of the relator, must resort to an appropriate remedy to maintain his rights. [People v. Nelson. 13. John. R. 40. 8 Cow. R. 226.]
It is urged by the counsel for the defendjant, that he is to be considered as standing in the place of Peet, the mortgagor, and that he is, at all events, entitled to notice to quit, before any legal proceedings can be instituted to eject him. But the assignee of a mortgagor is not entitled to notice to quit; [Jackson v. Fuller, 4 John. Rep. 215.] and the defendant evidently intended to defend his possession at all hazards.
The reasons shown by the counsel for the defendant are not sufficient to induce the court to disturb the verdict of the jury, or grant a new trial.

New trial denied,

[J. R. Whiting, the relator, for the People. F. A. Tallmadge, Att'y for the def't.]