## BRACKEN VS. PRESTON *et al.*

1. COMPLAINT—FORCIBLE ENTRY, ETC. Justices of the peace are not bound to examine jurors under oath as to their qualifications, as the authority to do so is not given them by statute.
2. JUSTICE'S COURT. In a proceeding for forcible entry and detainer the complainant must set forth his title, and whether his estate is freehold or for a term of years, and a seisin or possession in himself in order to show himself within the statute, and upon the trial he must, in order to recover, prove these allegations.
3. PLEADING—EVIDENCE. In such a proceeding the title of the complainant may be controverted by the defendant, but he cannot defend or justify the *force* by showing title in himself. If his title or right of possession is paramount, he must resort to some appropriate remedy to secure his rights.
4. CERTIORARI. In a case of forcible entry and detainer removed into the district court by certiorari, the district court may decide upon errors in fact, but whether the supreme court can do so on a writ of error is not settled.

ERROR to the District Court for *Iowa* County.

*Bracken* filed a complaint before William Henry, a justice of the peace in Iowa county, setting forth that he was the owner in fee of the undivided one-third part of the east half of the north-east quarter of section 5, township 4 of range 3 east, and being in possession thereof, *Sylvester B. Preston*, *William Kendall*, *William Nichols*, and *William T. Phillips*, forcibly entered upon, and forcibly detained the same.

Upon the trial of the complaint, *Bracken* wished to examine some of the jurors under oath, previous to their being sworn, as to whether they had formed or expressed an opinion in relation to the matter to be tried, but the justice refused to allow the qualifications of the jurors to be inquired into.

After the complainant's evidence was heard in relation to his title, possession, and the forcible entry and detainer complained of, the defendants proved in justification, that one Andrew Rumfrey and the complainant, previous to the occupying of the premises by the defendants, had some conversation in which Rumfrey said he wished to

dig on the complainant's ground, and complainant said he might do. so, but that he wanted the mineral, and Rumfrey replied, that if he would give as much for it as any body else he might have it; that after this Rumfrey mined upon the land in dispute, and after working some time, sold his interest in it to the defendants : Written transfers from Rumfrey to each of the defendants, embracing all his interest, were produced and read as evidence.    To all of this testimony, the complainant objected, the justice overruling his objections.

The jury returned a verdict in favor of the defendants, upon which the justice rendered judgment.    Bracken removed the proceedings into the district court, by certiorari, and assigned errors as stated in the opinion of the court.

The district court affirmed the judgment of the justice.

*Moses M. Strong* and *T. P. Burnett*, for plaintiff in error, contended, 1. That the justice erred in refusing to allow the jurors to be examined under oath, as to whether they had formed or expressed an opinion upon the subject which was about to be submitted for their decision, and that trial by jury before a justice is of no benefit, if a party is bound to submit to a jury that are prejudiced against him, and who have pre-judged the case.

2. The evidence in the case shows that the complainant was in the peaceable possession of the premises, and that the defendants committed the forcible entry complained of.    The justice permitted the defendants to justify by introducing evidence to show a right of possession in themselves.    This they did by proving a vague conversation between one Rumfrey and the complainant, about Rumfrey's digging on the ground, and then by written transfers from Rumfrey to the defendants.    We contend that all this evidence was improper, and should not have been admitted ; that on the trial, nothing but the force complained of could legally be inquired into, and that in proceedings of this kind the defendants cannot justify by showing any right or title in themselves.    But if such

testimony would be legally admissible in this case, the vague conversation between Rumfrey and Bracken did not amount to a contract that could be legally carried into effect. There was nothing in it that was definite, either as to terms, duration, location, or any thing else. Admitting, however, that it was a contract between *Bracken* and Rumfrey, the utmost construction that could be put upon it, would only make Rumfrey a tenant at will, and that would not vest in him any right or interest in the soil that he could transfer to another. 13 Johns. 106; 2 Caines, 169; 6 Am. Com. Law, 389; 2 Yerg. 249; 4 Vt. 291.

*F. J. Dunn*, for defendant in error.

MILLER, J. *Charles Bracken* commenced proceedings before a justice of the peace of Iowa county against the defendants, under the act to prevent forcible entries and detainers. The complaint charged that the defendants made an unlawful and forcible entry into his lands and tenements and with strong hand detained the same. The jury found for the defendants, and the case was removed by the plaintiff by certiorari, to the district court of Iowa county, where the judgment before the justice was affirmed. The plaintiff thereupon sued out this writ of error.

The first error assigned is, that the justice refused to have the jurors sworn to answer questions respecting their capacity to serve as jurors, and whether they had formed or expressed an opinion of the merits of the cause.

Section 26 of the act concerning grand and petit jurors, gives authority to the district courts to swear jurors, but not to justices of the peace. There is no such authority given by law to justices of the peace. Without authority by law, the court or justice has no right to require jurors to be sworn to answer questions, whether they have declared opinions on the case. It would be the duty of the justice to admonish them, that if they

did not feel indifferent, or had prejudged the cause or declared their opinions, they should disclose it. *Commonwealth v. Dennie*, 4 Yeates, 267. Without an act on the subject, a juror may be sworn, but there is no obligation to do so. *McCorcle v. Binns*, 5 Binney, 340. In this case there is not even an allegation that any one of the jurors had formed or expressed an opinion, and the justice not being obliged by law to swear a juror on the subject, there was no error in the refusal of the justice to do so. But that there should be a law requiring it in cases before justices of the peace, there is no doubt.

The second error assigned is as follows : The lease to Andrew Rumfrey was only a parol lease which only created a tenancy at will, and might terminate at the option of either party ; and Rumfrey had not such an interest as could be transferred.

This relates to testimony given on the part of the defendants, and which should not have been allowed before the jury; and will not be considered here. If the cause had turned on this evidence, the judgment before the justice should be reversed. The defendants are proceeded against for forcible entry and detainer. They have no right to justify the force by showing title in themselves. It is in the nature of a criminal proceeding against them, and they cannot justify the forcible entry and detainer on the strength of their title. In a prosecution of this nature, the title to the premises, as between the defendants and relator or complainant, cannot be inquired into, though the latter is bound to set forth his title so far as to show himself within the provisions of the act. That title may be controverted by the defendant, but he cannot set up his own, as a substantive matter of defense, because the question of title cannot be tried in this action. *People v. Godfrey*, 1 Hill, 240. In a proceeding of this kind, the complainant must set forth a seisin or possession within the purview of the act, or whether his estate be a freehold or a term of years ; and on the traverse, the

Bracken vs. Preston et al.

allegations as to his estate must be proved by him. But the defendant cannot justify the force by showing a title in himself. He may controvert the facts by which the complainant attempts to show title in himself. *People v. Nelson*, 13 Johns. 340. The same doctrine will be found in the cases of *People v. Ricket*, 8 Cowen, 226; *People v. Leonard*, 11 Johns. 504. And if the title of the defendant, or his right of possession is paramount, he must resort to an appropriate remedy to maintain his rights.

The third error assigned is as follows: "It having been proven that the plaintiff was in the peaceable possession of the land, he could have been ousted only by due course of law."

By the sixteenth section of the act to prevent forcible entries and detainers, the district court to which any certiorari is returned, shall proceed to hear and determine the same, as the very right of the case shall appear, without regarding technicalities or imperfections in the return. Evidently, from this section and other provisions in said statute respecting the removal of causes by certiorari to the district court, that court has the power to decide upon errors of fact as well as of law. This court is a court for the correction of errors in questions of law, and generally should not inquire into the correctness of the decisions of the district courts in questions of fact. As the court is not full, and this case does not require it, we will not in this case establish a rule on this subject, although referred in the argument to a case in point. *Columbia Turnpike Company v. Hayward*, 10 Wend. 422.

In this case the complainant did not make out by proof, a forcible entry and detainer against the defendants.

Judgment affirmed with costs.

IRVIN, J., being a part owner of the land, though not interested in the subject-matter of this suit, declined sitting in the case.