JOHN GATES, *Plaintiff in Error.*
vs.
GEORGE WINSLOW, *Defendant in Error.*

ERROR TO THE COLUMBIA COUNTY COURT.

A proceeding for forcible entry and detainer is not one in which the title to the premises can be brought in question. It is a summary proceeding in which ac *actual* peaceable possession of the premises, must be shown to have been forcibly taken away, or invaded by the defendant.

If a peaceable possession be shown to have been invaded or taken away by force, the law will restore it, even though the defendant be able to show a perfect title in himself.

The certificate of the register of the United States land office, that the defendant in a proceeding for forcible entry and detainer, had filed in the United States land office, his declaratory statement for a pre-emption of the premises, is not competent evidence for any purpose.

The provisions of the statute in relation to forcible Entry and Detainer, are not incompatible with section 10, of chapter eighty-eight of the Revised Statutes, which denies to a justice of the peace, cognizance of an action in which the title to real estate may come in question.

This was a proceeding for unlawful entry, and unlawful detainer, commenced before a justice of the peace of Columbia County, by the plaintiff in error

against the defendant in error. The defendant was found guilty, and the plaintiff had judgment of restitution and for costs. The defendant then appealed to the County Court, and the cause was tried at the May term, 1853, by a jury.

On the trial in the County Court, it appeared, that on the 28th day of January, 1853, Charles F. Legate entered the land described in the complaint at the United States Land Office, at Mineral Point, with a land warrant ; that Gates had possession in the summer and fall of 1852, and had a house and other improvements on the land ; that Legate entered the land at the request of the plaintiff, on the 12th day of February, 1853, and assigned the duplicate to the plaintiff in due form of law ; that "the plaintiff found the defendant entered upon the land, after that time, and he had remained in possession ever since."

The defendant produced and offered in evidence, a writing purporting to be a certificate of the Register of the United States Land Office, at Mineral Point, to the effect, that the defendant had made and filed his declaratory statement for a pre-emption of the land, and would have until January 6, 1854, to prove up his pre-emption, and pay for the land. To the reading of this paper the plaintiff objected, because it was no evidence that the defendant had made a pre-emption, and if evidence of that fact, not the best evidence which could be obtained. The objection was overruled and the plaintiff excepted. On the back of the paper, was written what purported to be the opinion of the Register upon the law relating to pre-emptions. On this account the plaintiff objected to the paper going to the jury. The court ordered a paper covering to be put over the writing on the back, and in

this form the paper was admitted. The defendant also proved that he was in possession of the premises.

The court charged the jury that the defendant's certificate of pre-emption, was evidence of a better title than a certificate from the land office of the location of a land warrant.

The jury returned a verdict for the defendant, upon which judgment was entered, to reverse which this writ of error is brought.

The errors assigned are, 1st. That the court erred in admitting the certificate of the Register as evidence. 2d. That the court erred in permitting the paper to go to the jury with the matter endorsed thereon. 3d. For the said paper was not the best evidence of the fact sought to be proved by it, and 4th. the court misled the jury by its instructions.

*Hand & Ketchum*, for the plaintiff in error. The law requires, in cases of pre-emptions, that certain entries be made in a book kept for that purpose; that book is a record, and exemplified copies of it only are evidence. *Land Off. Reg. Cir.* 1841 ; *Stark. on Ev.* 251.

The certificate, if otherwise legal, was vitiated by the matter endorsed thereon. 1 *Stark. Ev.* 251.

The register's certificate of location of land warrant is *prima facie* evidence of title. *R. S.* 528, 529, § 95.

The defendant cannot set up an equitable title, in bar of a legal title in the plaintiff. *Sinclair vs. Jackson*, 2 *Johns. R.* 221 ; 3 *id.* 422 ; 8 *id.* 487 ; 8 *Cow.* 543 ; 2 *Ham.* 263.

A mere right of pre-emption is not a title, without payment, or an offer to pay. It confers no equity. *Kinne's Law. Comp.* 1849, *p.* 203 ; 8 *S. & M.* 234.

*George B. Smith & William R. De Witt*, for the defendant in error. The certificate of the register is proper evidence of the filing of the declaratory statement of a pre-emptor; is the usual and proper evidence of that fact, and on its face discloses no better evidence of the same fact. 1 *Greenl. Ev.* § 82, 84; *N. H. Rep.* 450; 2 *Cow. & H. notes* 239, 245, 243; 10 *Law R.* 155; 5 *Watts,* 209—219.

*By the Court,* CRAWFORD, J. From an examination of the bill of exceptions in this case, it would seem that the *title and right of possession* in the *locus in quo* formed the matter in issue. This is not the form of action, nor is the court of a justice of the peace the tribunal provided by the law for the determination of questions of title or right of possession of real estate. Section ten, of chapter eighty-eight of the Revised Statutes, declares that no justice of the peace shall have cognizance of any action, where the title to real property shall come in question, and section fifty-seven of the same chapter provides that if it appear from the plaintiffs showing that the title to lands is in question, and is disputed by the defendant, the cause shall be dismissed at the cost of the plaintiff. The action of ejectment is peculiarly adapted to the trial of questions of this character, but that form of action is not within the jurisdiction of a justice of the peace or of the County Court.

This proceeding is given by chapter one hundred and seventeen of the Revised Statutes, and the scope and object of that chapter may be clearly observed in the first section: "no person or persons shall hereafter make any entry into lands, tenements or other possession but in cases where entry is given by law,

and in such cases not with strong hand, nor with multitude of people, but only in a peaceable manner, and if any person from henceforth do to the contrary, and thereof be duly convicted, he shall be punished by fine." This section of our statute is substantially taken from the English Statute, *5th of Richard 2d, chap. 7,* (*vide* 1 *Hawk. Pl., chap.* 28, *sec.* 6,) and the intention of this, as well as of all other enactments on the same subject, is to restrain all persons from the use of *forcible* or *violent* means of doing themselves justice. 1 *Russ. on Crimes* 284; 3 *Bac. Ab. title "Forcible Entry and Detainer"* (*A*), *page* 713; 4 *Black. Comm.* 148; 13 *Ill. R.* 287.

A proceeding in forcible entry is not one in which the title to the premises can be enquired into ; it is a summary proceeding in which an *actual,* peaceable possession of the premises must be shown to have been forcibly taken away or invaded by the defendant, and when this is shown, the law will restore the possession to the party complaining, even if the defendant be, in fact, able to show a *title;* and the reason of this is, that if a party have a paramount title to lands which are in the *actual* possession of another, who persists without a valid right in retaining that possession, he shall not do himself justice *by force,* for this would be contrary to the law of the land, but he shall apply to the courts of justice, provided for such purposes, where his rights will be recognized and enforced. 13 *Viner's Ab.* 383; 2 *Caine's R.* 98; 11 *John.* 504; 1 *Hall* 240.

It is to be observed that the second section of our statute speaks of " unlawful *or* forcible entry into lands, &c." We know of no case arising under this statute in which it has been necessary to put a con-

struction upon this provision, nor do we consider it

necessary in this case to do so, because no question was made before the justice nor in the County Court as to the form or sufficiency of the complaint; but whenever that construction is demanded, it may present an interesting enquiry how far the legislature intended to go, or have gone, in substituting a proceeding for *unlawful entry* before a tribunal having the most restricted jurisdiction, where the question of title to real property is expressly excluded, instead of the more suitable and satisfactory action of ejectment in a court of record. And it may also call forth an opinion, as to what essential difference there can be between *unlawful entry* and the well defined action of trespass *quare clausum fregit.* The assignment of errors in this case presents no occasion or necessity for discussing these questions.

On the trial in the County Court, after the plaintiff or complainant had submitted his evidence and rested, the defendant offered to read in evidence on his part, a paper of which the following is a copy :

" Land Office, Mineral Point, January 13, 1853.

" This is to certify, that George Winslow, of Columbia County, Wisconsin, has this day filed in this office his declaratory statement for a pre-emption right under the act of 4th September, 1841, to the west half of the south-west quarter of section No. thirty-five, township No. thirteen, of range No. eight, and also to the north-west quarter of the north-west quarter of section No. two, in township twelve, north of range No. eight, east, and that his claim to said land will expire on the sixth day of January, 1854.

" G. H. SLAUGHTER, Register."

A witness was called, who proved that the signa-

ture purporting to be that of Mr. Slaughter was genuine. The counsel for the plaintiff objected to the reading of this document, because 1st, it was not authorized by the laws of the United States; 2d, it was not such a certificate as the statute of Wisconsin requires to prove a record; 3d, it was not the best evidence of the facts therein set forth; and 4th, that the register had endorsed, on the back of the document his opin ion of the law concerning pre-emption claims, which was calculated to prejudice the case. The County Court overruled the objections, and permitted the paper to go to the jury to prove the filing of the declaratory statement, and for that purpose only, and directed that the endorsement on the back of the paper should not be given in evidence. To this ruling of the court an exception was taken by the plaintiff.

We think the court erred in this decision. It is not perceived by us, how the evidence thus offered could tend to establish a defence to this action or proceeding. The issue was, whether the defendant had made an unlawful entry upon the possession theretofore held by the complainant; whether he had unlawfully entered into "the dwelling house and appurtenances" owned and possessed by the complainant; and proof of title, either legal or equitable, to the premises, would not establish the negative of this issue. If the question of title could be tried in this form of proceeding, we can readily admit that by showing title in himself, the defendant might have demonstrated that his entry, being made peaceably and without force, was in pursuance of a right and title in himself, and therefore not unlawful. But we are not willing to admit that the prescribed jurisdiction given to justices of the peace, can be thus stretched by implica

tion, in palpable violation of an express prohibition of the statute ; and whatever was inadmissible in the case in the justice's court, was equally so in the county court (13 *Ill. R.* 287) ; for there does not appear to have been any change in the plea, nor was there any matter, "in excuse, justification or avoidance," pleaded specially, or notice thereof given, as might have been done under the twenty-second section of the statute.

But even if this kind of evidence were entirely pertinent, yet the paper offered was inadmissible. We have not been referred to any statute of the United States, which declares such a certificate as this, evidence of the facts therein set forth. If the defendant had produced a *copy* of this declaratory statement, with the certificate of the register attached thereto, that it was a true copy, we are inclined to believe that it would, have been sufficient, and the copy might have been read, if the evidence itself could have had any effect. In the case of the United States *vs.* Percheman, (7 *Peters*, 51,) a copy (of a grant) taken from the office of the keeper of public archives, was held to be admissible, *it being certified according to law ;* and the court there say : " on general principles of law, a copy given by a public officer, whose duty it is to keep the original, ought to be received in evidence."

The declaratory statement of which we have been treating, was the basis of a claim which the defendant might acquire under the act of Congress, and perhaps the regulations of the General Land Office required that it should remain in the custody of that department of the government, or its subordinate officer, the register. At all events, at the time of giving the certificate offered in evidence, the original declaratory

45

JUNE TERM, 1853.

Gates
vs.
Winslow.

statement was in the lawful custody of the register.

We have a provision in our statute which meets such a case as this   Section 68 of chapter 98 provides as follows : " Whenever a certified copy of any affidavit, record, document, or other paper, is allowed by law to be evidence, such copy shall be certifiled by the officer in whose custody the same is required by law to be kept, to have been compared by him with the original, and to be a correct transcript therefrom," &c.   Now a copy of this declaratory statement, or of any record or document in the United States Land Office, is " allowed by law to be evidence," for the simple reason that the original itself cannot be considered under the control of the party, and its custody is given to an officer.   The statute last referred to enables the party to give the best evidence of the contents of such record or document which the nature of the case affords, by declaring a certified copy such evdence.

But the statute does not make the mere statement by the officer, that a certain  document has been filed in his office, satisfactory evidence of the contents of such document.   His certificate in the manner pointed out by the statute, gives authenticity to the copy, and that copy is then received as evidence of the contents of the original.   The paper offered was not a certified copy of any document, but was simply a certificate by the officer that a certain document had been filed.   If the officer had been a witness in the case, he might have proved that such a paper had been filed in his office ; but we know of no law which makes his voluntary certificate evidence, even of that fact.

We forbear the inquiry, how far the contents of this declaratory statement ought to be esteemed sufficient

as a substantive defence in a proceeding of this kind, granting it to be admissible. But we cannot avoid the reflection, that an instrument such as this, not required to be, and, in fact and practice, not being under oath, created by the mere volition of the party, and which may be prepared and filed without imposing any obligation whatever upon the party, and without any intention, perhaps, to comply with the requirements of the law, on the subject of pre-emptions, is not, and ought not to be, very satisfactory evidence.

The judgment of the County Court must be reversed, and the cause remanded for a new trial.