JOHN SAVAGE, Appellant.

*vs.*

DERBY CARNEY, Respondent.

APPEAL FROM MILWAUKEE COUNTY COURT.

Chapter 88 of the Revised Statutes of 1849, prescribing the general and ordinary jurisdiction of justices of the peace, has no relation to the cases provided for in chapter 117, and the restriction in the former chapter in regard to cases in which the title to lands may come in question, does not control the latter chapter concerning forcible entries and detainers.

It was competent for the legislature to give to justices of the peace the powers and jurisdiction in cases of forcible entries and unlawful detainers mentioned in chapter 117, and chapter 88 in no wise controls the former.

The proceedings under chapter 117, are special and peculiar and must be governed by the provisions therein prescribed.

This was an action of unlawful detainer brought by the appellant against the respondent, in a justice's court of Milwaukee county.

The complaint alleges that Elisha Eldred being in possession of a certain piece of land situated in the city of Milwaukee, viz : (describing the same)—leased said premises by instrument in writing to Cornelius Davis, for the term of five years from the first day of May, 1855. That Davis covenanted, among other things, to pay Eldred, for the use of said premises, forty-eight dollars per year, in equal portions, on the first days of August, November, February and May, of each year. Davis further covenanted to pay as rent therefor, all taxes, assessments and duties, levied or to be levied, ordinary or extraordinary, on said premises during said term. That on the first day of October, 1855, Davis assigned and sold all his interest in said lease and premises to Derby Carney, the

respondent. That Carney then took possession of said premises by virtue of said sale and assignment, and ever since has held the same. The complaint further avers that on the first day of May, 1856, Elisha Eldred bargained, sold and conveyed the premises in fee simple to the appellant. That Elisha Eldred on the first day of May, 1856, sold and assigned all his right, title and interest in and to said lease, to John Savage, this appellant. That on the 27th day of January, 1857, said premises were duly and legally sold, in pursuance of law, for the delinquent taxes, duties and assessments, levied and assessed on said premises for the year 1856, for the sum of six and 86-100 dollars, and after the execution of said lease and after the assignment thereof. That on the 31st day of December, 1857, this appellant demanded in writing, of and from said respondent, possession of said premises, for the reason that said taxes were unpaid by Carney, and said premises sold for the same, contrary to the covenants of said lease. That more than three days had expired since said demand, and said Carney refused to pay said taxes or redeem said premises from said sale, or to quit and deliver said premises or the possession thereof, but held the possession of the same contrary to law, &c.

The defendant filed an answer to said complaint, denying each and every allegation thereof; and on the third day of March, 1858, said case was brought to trial in a justice's court, and on the trial before said justice, the plaintiff offered in evidence a lease of said described premises from Elisha Eldred to Cornelius Davis, which was received without objection. Plaintiff then offered in evidence an assignment of said lease from Eldred to the plaintiff, which assignment is in words and figures as follows:

" In consideration of one dollar to me in hand paid by John Savage, the receipt whereof is hereby confessed and acknowledged, I have granted, bargained, sold, transferred and

assigned, and by these presents, do grant, bargain, sell, transfer, assign and set over to John Savage all my right, title and interest in and to the within lease, demise and the premises therein described. In witness whereof, I have hereunto set my hand and seal this 1st day of May, 1856.

ELISHA ELDRED, (SEAL.)"

The defendant objected to the reading of said assignment, for the reason that it raised the question of title; and that upon the plaintiff's own showing, the cause should be dismissed. Said justice sustained said objection, and dismissed said suit. And said plaintiff thereupon appealed the same to the county court of Milwaukee county.

On the tenth day of June, 1858, the cause came on for hearing in the county court, and the defendant by his attorney moved the court to affirm the decision of the justice below, and dismiss said cause, for the reason that the justice had no jurisdiction of said cause, and consequently the said county court had no jurisdiction; and after argument, said county court ordered and adjudged that said cause be dismissed, and that judgment be rendered in favor of said defendant and against said plaintiff for costs taxed at ———— dollars. To which judgment and ruling, said plaintiff by his attorney excepted.

*L. Wyman*, for the appellant.

*Smith & Salomon*, for the respondent.

*By the Court*, SMITH, J. This was an action brought under chapter 177 of the Revised Statutes of 1859, entitled " Of forcible entries and unlawful detainers."

Chapter 88 of the Revised Statutes of 1849 has no relation to the jurisdiction of justices of the peace, as prescribed

therein, to cases wherein the title to land may come in question, comprised within chapter 117.

The constitution prescribes the jurisdiction of justices of the peace as follows: "The justices thus elected shall have such civil and criminal jurisdiction as shall be prescribed by law."

It was competent for the legislature to confer the jurisdiction given by chapter 117. In these cases of forcible entries and unlawful detainer, nothing is more frequent than for title in some form to be brought in question. Under our old territorial organic act, which operated as a constitution for the territory, it was not competent for the legislature to invest justices of the peace with any jurisdiction of cases wherein the title to land might come in question. But the constitution of the State has given a larger discretion to the State legislature in this behalf. The legislature has seen fit in their discretion to give to these judicial officers jurisdiction in a special proceeding, distinct and apart from their ordinary course of judicial procedure, viz: In the act "concerning forcible entries and unlawful detainers." Hence their jurisdiction in the latter class of cases, peculiar and special must not be measured by the prescriptions of the former acts, which are general. The restriction of their powers under chapter 117 to the limitations of chapter 88 would strip the former of its vital energies, and in effect nullify its provisions. We cannot perceive the necessity of further discussion of the question involved in this appeal. The court below undoubtedly erred in dismissing the case for the reason assigned, and the judgment thereof must be reversed.

Judgment reversed with costs.