RAGAN and another vs. SIMPSON and another.

(1.) MORTGAGE: *Deed with certain simultaneous agreements held to be a mortgage.*
(2.) PRACTICE: *Defendant in unlawful detainer, showing himself not to be in as tenant, has the right to a dismissal.*

1. A deed of land, by a married woman in possession (to one who had the rights of mortgagee after default), with lease back to the grantor and her husband, simultaneously delivered to the husband (which lease contained a *conditional* agreement to reconvey at the end of the term), *held*, to create, as against the wife, the relation of mortgagor and mortgagee, where the deed was delivered by the husband upon the condition and understanding that it was to have only that effect, and there was no evidence that the wife ever accepted or ratified the lease.
2. The grantors having pleaded the facts as a defense to an action by the grantee under the statute, against them as tenants holding over, and having insisted on their right to redeem, were entitled to a judgment of dismissal, and the action could not be treated, at the instance of the plaintiff, as one by them to redeem.

Ragan and another vs. Simpson and another.

APPEAL from the Circuit Court for *Dane* County.

On the 1st of June, 1863, *Mrs. Ragan* held a mortgage upon certain premises in Richland county, executed by *Mrs. Simpson*, who held the legal title thereto; and an action had been commenced to foreclose the mortgage, the mortgage debt being overdue, and amounting to $1,470. On that day, *Mr. Simpson* delivered to *Mr. Ragan* a deed of conveyance of the premises, executed by *Mrs. Simpson* to *Mrs. Ragan*; and on the same day he received from *Mr. Ragan* a written instrument, executed by *Mr. and Mrs. Ragan*, by the terms of which the latter leased the premises to *Mr. and Mrs. Simpson* until February 1, 1864, with the following provisoes: 1. That the lessors should have the right to build, fence, and improve upon the premises by plowing or otherwise, not interfering with the then growing crops. 2. That if, at the expiration of the lease, the lessors should not have sold the land, they should then sell to the lessees for $1,470, in case the latter should then tender that sum, and demand a deed, and pay the lessees for taxes paid and improvements made by them. 3. That the lessors should not sell the land to any person before the termination of the lease except for a larger price than the lessees would then give; and if they should sell it before the expiration of the lease for a larger price than the lessees would then give, they should pay the latter one-half the difference between the price so received and the sum of $1,470. There was no stipulation for rent.

In May, 1866, *Mr. and Mrs. Ragan* commenced this action before a justice of the peace in Richland county, against *Mr. and Mrs. Simpson*, as tenants unlawfully holding over. The cause was appealed to the Richland circuit court, and removed thence to the Dane circuit court. That court held that the deed of *Mr. and Mrs. Simpson* " conveyed the equity of redemption, which, with the mortgage interest already held,

constituted *Mrs. Ragan* the owner in fee;" that "the agreement executed at the same time, was a lease coupled with an agreement to sell" upon certain con-. ditions which had not been complied with.    2. That if *Mrs. Ragan* was not to be deemed the owner, in fee simple, "she must be regarded as a trustee, with power to possess the land after the period named in the instrument, and to sell it if her debt was not paid as therein named." (BRONSON, J., in *Cooper v. Whitney*, 3 Hill, 95.)    3. That if the deed and agreement were to be deemed in equity a mortgage, with a right to redeem, the defense set up could not be made available in this proceeding, the mortgagors having seen fit to execute the papers in such a manner as to authorize the mortgagee to obtain possession at law. (*La Dow v. Arnold*, 14 Wis. 458.)

Judgment of restitution and for costs was therefore rendered in favor of the plaintiffs; and the defendants appealed.

*A. Durnford* (with *Wm. F. Vilas*, of counsel), for appellants.

*S. U. Pinney*, for respondents.

The decision in this cause was announced at the June term, 1869.

DIXON, C. J.    The court below found that the agreement called a lease, mentioned and described in the defendant's answer, was delivered at the same time with the deed, and that the deed and agreement each constituted a part of one agreement or transaction, and both together the whole thereof.    There can be no doubt that this finding is well sustained by the evidence, and that the transaction amounted to a mortgage.    The defendant *Simpson*, the husband, who was acting as the agent of his wife, testifies positively to the time of delivery, and that the agreement was, that he was to have the farm back when he could redeem it.    He understood that the paper called the

lease had that effect.    This testimony is not rebutted
by that of the plaintiff *Ransom Ragan*, and, on the
contrary, is strongly supported by that of the plain-
tiffs' witness Eastland, the attorney who drew the
paper and was present when the arrangement was
consummated.    Mr. Eastland testifies: "I explained
to them that this instrument would have the effect of
a mortgage—that it would be no better and not as
good as a mortgage together with the deed; that if
the deed and contract were executed together, it would
have the effect of a mortgage."    As I understand this
testimony, Mr. Eastland informed the parties that the
transaction did amount to a mortgage, and *Mr. Simp-
son* delivered the deed which had been previously
executed by his wife, and received the contract, upon
that express condition.    But my brethren are inclined
to put a somewhat different construction upon his testi-
mony, and to hold that he advised the parties, not that
the deed and contract were one transaction and equiva-
lent to a mortgage, but that if they were so executed
and delivered as to constitute in law one agreement,
then they would be a mortgage, and *Mrs. Simpson* would
have a right of redemption.    It is strictly immaterial
to the point under consideration, whether Mr. East-
land is to be understood as testifying in the one way
or the other, since they both lead to the same conclu-
sion as to the legal rights of the parties.    The circuit
court having correctly found that the deed and con-
tract are parts of one agreement, and it also clearly
appearing that *Mr. Simpson* delivered the former and
received the latter, understanding, if they were so,
that they constituted but a mortgage, it follows that
the plaintiffs are not at liberty, as against the defend-
ant *Mrs. Simpson*, the owner of the equity of redemp-
tion, to set up the contract as establishing some
different relation between the parties, namely, that
of lessors and lessees, so that *Mrs. Simpson* may be
summarily ejected, or dispossessed of the mortgaged

premises before her equity of redemption has expired or been extinguished according to law. *Mrs. Simpson* never executed the contract which the plaintiffs now set up and insist upon as a lease, nor is there any evidence that she ever, in any manner, assented to or agreed to become bound by its terms. It does not appear that her husband had any authority to receive it for her in the first place, or that she ever afterward ratified it. If she had gone into possession under it, that would have been evidence of her assent. But she was in possession at the time it was executed, and her relation was that of a mortgagor, and it has so continued ever since. She has done nothing to recognize the plaintiffs in their supposed character of landlords, nor herself as a tenant; nor is there anything to show that she was in fact informed of the nature or contents of the supposed lease until this action was instituted. She may, therefore, well repudiate the conditions which it imposes, and, with entire consistency, fall back upon the oral agreement between her husband and the plaintiffs, and insist that she shall be bound only by that. That agreement clearly shows that she is a mortgagor in possession, and that this action cannot be maintained.

The question then arises, whether, upon the answer of the defendants and the proofs made by them under it, this shall be deemed as a proceeding on their part to redeem. The plaintiffs insist that it should, and that the court should ascertain the amount due from the defendants, and fix a time within which the same shall be paid or tendered to the plaintiffs, and if it be not so paid or tendered, then that the plaintiffs have judgment for a delivery of the possession according to the prayer of their complaint. It would not be an easy matter to transform an action of unlawful detainer, which may be commenced before a justice of the peace, into an equitable proceeding of this nature; and, if it could be

done, it would seem to be such an irregular and anomalous blending together of legal and equitable remedies as courts of justice ought not to allow. The better practice undoubtedly would be, to require the mortgagee to file his bill to foreclose, or the mortgagor his to redeem. But a more sufficient answer to the position of counsel in this case is, that *Mrs. Simpson,* never having assented to the contract or supposed lease, nor become the tenant of the plaintiffs, has the absolute legal right, because the relation of tenancy does not exist, of having judgment at law entered in her favor.

It follows that the judgment of the circuit court must be reversed, and the cause remanded with directions that it be dismissed.

*By the Court.*—It is so ordered.