Newton, Respondent, vs. Leary, Appellant.

*September 23 — October 13, 1885.*

UNLAWFUL DETAINER: JUSTICES' COURTS. *(1, 2) Plea of title: What issues may be raised: Jurisdiction. (3) Judgment on* certiorari: *Restitution.*

1. Under the statutes "of forcible entry and unlawful detainer" (ch. 145, R. S.) the question of title does not arise and cannot be put in issue by the pleadings.

2. But the facts upon which the right of removal under subd. 1, sec. 3359, R. S., is based, may be put in issue by the answer, and the issues so raised may be tried and determined in a justice's court.

3. On *certiorari* to a justice of the peace, the circuit court can only reverse or affirm his judgment, with costs. Even on reversing a judgment in an action of unlawful detainer under which the plaintiff has been put into possession of the premises, it cannot award a writ of restitution.

APPEAL from the County Court of *Dodge* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The defendant in error, and appellant, brought an action in justice's court against the plaintiff in error, and respondent, for the purpose of removing him from the possession of lands described in the complaint. The action was brought under ch. 145, R. S., "Of Forcible Entry and Unlawful Detainer."

This action was brought under the first subdivision of sec. 3359, R. S., being a part of said chapter, and which reads as follows: "Sec. 3359. In the following cases any person who holds possession of real property, after the demand of the possession thereof has been made, and the assigns, tenants, or representatives of such persons, may be removed in like manner [referring to the manner of removing tenants holding over, etc.]: (1) When the property has been duly sold upon the foreclosure of a mortgage, under the provisions of chapter one hundred and fifty-two, which was executed by such person, or any person under whom he claims by title subsequent to the date of the recording of such mortgage, and the title under such foreclosure has been duly perfected."

The complaint of the plaintiff in the justice's court was made under the section above quoted, and, although very general in its terms, was, we think, sufficient, especially in the absence of any demurrer to the same.

The plaintiff in error appeared in the justice's court and answered the complaint as follows: "The defendant, for answer to the complaint in this action, alleges that he is owner in fee of the lands and premises described in the complaint, and did so own and was so possessed at the date of the commencement of this action, and that the plaintiff in this action is not the owner of the same, or any part thereof, and did not own the same, or any part thereof, at the date of the commencement of this action, and was not then, and is not now, owner or is entitled to the possession of the same, or any part thereof; and the defendant denies that the holding and possession is unlawful, but he says that he holds the same under a title thereto in fee, by deed prior and paramount to any and all claim of the plaintiff, and that such title will come into question and must of necessity be decided in this action. And for a second answer the defendant says at the date of the commencement of this

action he was, and still is, lawfully seized in fee and possessed of the premises, and that the pretended foreclosure sale under which the plaintiff claims was and is illegal and void, because there was no power of sale in the mortgage under which the pretended sale was made; because the amount secured by the mortgage was not due at the date of the sale, and no breach of the conditions of said mortgage, or either of them, had occurred; because the notice of sale under which plaintiff claims title was not published as required by law; because no such notice of sale was given as required by law; because the said mortgage has been, and was before the commencement of the action, fully redeemed, paid, and satisfied."

At the time of filing his answer the defendant tendered a bond as required by sec. 3620, R. S., when a plea of title is put in as authorized by sec. 3619, R. S., in an ordinary action pending in a justice's court. After filing his answer and tendering his bond, the defendant made no further defense to the action in justice's court. The justice rendered judgment in the action in favor of the plaintiff and against the defendant, and upon such judgment issued a warrant to put the plaintiff in possession of the premises, and to remove the defendant therefrom.

Afterwards the defendant sued out a writ of *certiorari* from the county court of Dodge county to the justice's court, and in obedience to the command of said writ, the justice certified and returned the record of his proceedings in said action to said court. And afterwards, on the 3d day of June, 1884, the said county court, after hearing the arguments upon the return to said writ of *certiorari*, rendered a judgment reversing the judgment of the justice's court, with costs, and also directed that a writ of restitution issue out of said court, ousting the defendant in error and putting the plaintiff in error into the possession of the lands and premises described in the complaint.

From the judgment of the county court the defendant in error appeals to this court.

The cause was submitted for the appellant on the brief of *Eli & C. E. Hooker*, and for the respondent on that of *Edward S. Bragg*.

For the respondent it was contended, *inter alia*, that the circuit court did not err in awarding the writ of restitution. Every court has inherent power to execute its own judgments, and the writ of restitution is the execution of the circuit court to compel a complete reversal of the proceedings below. Bacon's Abr. FORCIBLE ENTRY (G.); *People v. Shaw*, 1 Caines, 124; *In re Shotwell*, 10 Johns. 304; *Comm. v. Bigelow*, 3 Pick. 31. The basis for the declaration that on *certiorari* the judgment can only be affirmed or reversed, is found in the fact that nothing but the record comes to the higher court and it cannot know anything of the merits. But here the writ by which the plaintiff was put in possession, and the sheriff's return, are part of the record, and properly so. Subd. 12, 13, sec. 3574, R. S. Upon reversal the plaintiff in error should be restored to all things which he has lost by reason of the judgment reversed, if such things are still in the possession of the adversary *in specie*. *Cummings v. Noyes*, 10 Mass. 433; Freeman on Judgments, § 482; *Gott v. Powell*, 41 Mo. 416; *South Fork Canal Co. v. Gordon*, 2 Abb. (U. S.), 479–488; *Ex parte Morris and Johnson*, 9 Wall. 605; *Kennedy v. Duncklee*, 1 Gray, 67–8; *Delano v. Wilde*, 11 id. 17.

TAYLOR, J. Upon the hearing in this court the appellant and defendant in error contends (1) that there was no error in the judgment of the justice, and that the county court should have affirmed the same; and (2) that the county court erred in ordering a writ of restitution in favor of the plaintiff in error, even though the county court was right in reversing the judgment of the justice.

The contention of the respondent upon this appeal is that, upon the filing of his answer in the justice's court and tendering his bond as above set forth, the justice lost all jurisdiction to try the action, and consequently his subsequent proceedings and judgment were void and were properly reversed by the county court. He also insists that there was no error committed by the county court in ordering restitution of the premises to the plaintiff in error, who had been ousted by the judgment of the justice.

We are very clearly of the opinion that the answer filed by the plaintiff in error in the justice's court, so far as it attempted to set up an adverse title to the lands in question as against the plaintiff in said action, was no defense to the proceedings to dispossess him, and as a plea of title it was not an admissible plea in said action; and that, so far as the answer sets up facts showing that the claimed foreclosure sale had not been legally made, it was a good answer to the complaint, and the justice's court had jurisdiction to try the issues raised by such part of the answer, and the tender of the bond as on a plea of title under the provisions of sec. 3620, R. S., did not oust the justice of his jurisdiction to try the action. See cases cited below.

It has been repeatedly held by this court that, under the statute of "forcible entry and unlawful detainer," the question of title to the premises does not arise, and cannot be put in issue by the pleadings. Where the proceeding is for a forcible entry or for a forcible detainer, it is the nature of the entry or detainer which constitutes a cause of action, and not the nature of the title which the respective parties have in the premises. *Bracken v. Preston*, 1 Pin. 365; *Eastman v. White*, 3 Pin. 180; *Cox v. Groshong*, 1 Pin. 307; *Ferrell v. Lamar*, 1 Wis. 8; *Gates v. Winslow*, 1 Wis. 650; *Jarvis v. Hamilton*, 19 Wis. 187; *Ainsworth v. Barry*, 35 Wis. 136; *Steinlein v. Halstead*, 42 Wis. 422; *Carter v. Van Dorn*, 36 Wis. 289. And in cases under those provisions of the

chapter which authorize a landlord to dispossess his tenant under proceedings similar to those for the dispossession of a person who has forcibly entered upon the possession of another or forcibly detains such possession from him, the only questions to be tried are — (1) whether the relation of landlord and tenant exists between the plaintiff and defendant; (2) whether such tenant holds over after the term of his lease has expired, or after he has violated some provision thereof, or, if the proceeding is taken for the nonpayment of rent according to his lease, whether such rent is in part unpaid; and (3) whether the proper notice has been given before the action is commenced. All these questions the justice has power to try. See *Jarvis v. Hamilton*, 16 Wis. 574; *People v. Godfrey*, 1 Hall, 240; *Savage v. Carney*, 8 Wis. 162; *Winterfield v. Stauss*, 24 Wis. 394; *Ragan v. Simpson*, 27 Wis. 355; *Ela v. Bankes*, 32 Wis. 635; *Strain v. Gardner*, 61 Wis. 174.

The provision of law under which this action was commenced is new, and was first enacted as a part of ch. 145, R. S. 1878, and was clearly not intended to permit a justice of the peace to try a pure question as to the title of real estate, nor to authorize a defendant in such action to set up an adverse title as a defense to the action. If he has such adverse title the plaintiff will be unable to make out his cause of action. *Ragan v. Simpson*, 27 Wis. 355. In order to recover in such proceeding where the answer properly denies the allegations of the complaint, the plaintiff must prove — (1) that there was a mortgage on the premises which was executed by the defendant, or some other person under whom the defendant claims by title subsequent to the date of recording such mortgage; and (2) that such mortgaged property has been duly sold upon the foreclosure of such mortgage under the provisions of ch. 152, R. S., and that the title under such foreclosure has been duly perfected in the plaintiff. The enactment of these provisions

of law, and conferring the power upon a justice's court to entertain an action to try the rights of the parties in such case, clearly confers upon the court power to try the questions which may be raised by the pleadings in such action. It is not to be presumed that the legislature intended that a justice's court could entertain and try a case of this kind only when the defendant admitted all the allegations necessary to be made by the plaintiff in his complaint to sustain his action; and that when the defendant denied any of the material allegations of the complaint, it would raise an issue of title which such court could not try. The very fact that a plaintiff is compelled to bring such an action is evidence that the defendant contests his right to the possession sought by him.

The power of the justice's court to try all the issues which may be raised upon the material allegations of the plaintiff's complaint in this proceeding is, we think, very clear. See cases above cited. If it be not so, then the act is worse than useless, and it was a piece of folly to enact it.

If the first part of the defendant's answer filed in the action simply means that he is not in under the mortgagor whose mortgage had been foreclosed, then it was a good defense to the plaintiff's action; and so far as it raised any question of title, it was triable by the court, because the plaintiff can only recover upon proof that the defendant is either the mortgagor or claims under him. See *Ragan v. Simpson*, *supra*.

In a case of landlord and tenant this court held that when an assignee of the lessor brought an action under this statute, the justice necessarily had the power to try all questions relating to the assignment or assignments under which the plaintiff claimed, even though such proofs required the production of deeds or other conveyances from the original landlord. See *Savage v. Carney*, 8 Wis. 162; *Winterfield v. Stauss*, 24 Wis. 394, 398.

We think the justice had jurisdiction of the action, and properly proceeded to try the case, notwithstanding the defendant's answer and tender of his bond under the provisions of sec. 3620, R. S.; and that being so, the county court erred in reversing the judgment upon the writ of *certiorari*.

We are also of the opinion that the court erred in awarding a writ of restitution as a part of its judgment; and that this would have been error even though the judgment reversing the justice's judgment had been properly entered. It has been repeatedly held by this court that upon a common-law writ of *certiorari*, issued by an appellate court to review a judgment of a justice's court, the appellate court can only review the jurisdiction of the justice's court to render the judgment. No other questions are involved. The evidence in the court below is not considered, nor any rulings of the court on the trial; and as a result of this rule, the only judgment which the appellate court can render in such case is a judgment reversing or affirming the judgment of the justice's court. No judgment affecting the rights of the parties as to the matter of the controversy is determined by the appellate court. *Healy v. Kneeland*, 40 Wis. 497; *Bandlow v. Thieme*, 53 Wis. 57; *Smith v. Bahr*, 62 Wis. 244; *Starkweather v. Sawyer*, 63 Wis. 297.

The impropriety of rendering a judgment for a restitution of the premises in this case, where the court has none of the evidence before it, and therefore is unable to tell whether, in justice and right, the possession ought to be restored to the plaintiff in error, is shown by the decision of this court in the case of *Towle v. Smith*, 27 Wis. 268. In that case, upon an appeal from the judgment of the justice in a proceeding for forcible entry and detainer, the judgment of the justice was reversed, and yet the court refused to remove the party who was put in possession by the judgment of that court, because, from the evidence in the

case, it would be inequitable to do so. The cases cited by the learned counsel for the respondent to sustain this part of the judgment of the justice are from states where the law upon the subject is very different from the law in this state. In New York the review of the proceedings of the justice's court is expressly given by statute, and brings up all the proceedings and evidence in the case; and, presumably, it is the same in Massachusetts. In this state the law expressly gives an appeal from the judgment of the justice, and upon such appeal a new trial is had in the appellate court, where the rights of the parties can be determined upon hearing the evidence of the parties. If a party does not desire a new trial in the appellate court, he may, under the laws and constitution of this state, have the proceedings reviewed upon a common-law writ of *certiorari*, but in that case the only question for review is the jurisdiction of the court to render any judgment in the case. In this proceeding the rights of the parties, as between themselves, are not considered by the court, and no judgment affecting such rights ought to be pronounced by the appellate court.

*By the Court.*— The judgment of the .county court is reversed, and the cause is remanded with directions to the county court to affirm the judgment of the justice.

