THE MENOMINEE RIVER LUMBER COMPANY, Respondent, vs. PHILBROOK, Appellant.

*November 7 — November 25, 1890.*

*Landlord and tenant: Unlawful detainer: Jurisdiction of justice's court: Title to land: Pleading.*

1. In an action in justice's court, under sec. 3358, R. S., to remove the defendant as a tenant unlawfully holding over after the term, he answered that he was in possession under a contract to purchase the land from the plaintiff's grantor, and that he had paid the full purchase price and was entitled to a deed. The answer also, in effect, denied the leasing of the premises. *Held,* that this answer did not raise a question of title to land within the meaning of sec. 3619, R. S., but the question whether the relation of landlord and tenant existed between the parties, and that the justice had jurisdiction to determine that question.

2. Leave to amend the answer so as to state that the defendant was induced to execute the alleged lease by fraud was denied by the circuit court to which the cause had been taken by appeal, but it was ordered that the proposed amended answer be filed. Afterwards judgment for the plaintiff was rendered upon the pleadings and the proposed amended answer. *Held,* that even if such proposed answer could be treated as an admission of the existence of a lease, it did not show that such lease terminated the defendant's rights under the contract of purchase.

APPEAL from the Circuit Court for *Marinette* County. Action to remove the defendant as a tenant holding over after his term. The facts will sufficiently appear from the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there were briefs by *Eastman & Mountain*, attorneys, and *Geo. G. Greene*, of counsel, and oral argument by *E. C. Eastman* and *Mr. Greene*. They argued, among other things, that the judgment cannot stand on the original pleadings. The answer alleges that defendant was in possession under an existing paid up land contract. This was a perfect defense. *Nightengale v. Barens*, 47 Wis. 389; *Malloy v. Malloy*, 24 Neb. 580; *Lipp v. Hunt*, 25 id. 91; *Alderson v. Miller*, 15 Grat. 279; *Lock v. Frasher*, 79 Va. 409; *Brown v. Beatty*, 76 Ala. 250. The original answer also denied the execution of the lease. *Neilson v. Shuckman*, 53 Wis. 638. Even if the original answer was insufficient, the plaintiff could not have judgment without proving his case. R. S. sec. 2891; *Steele v. G. T. J. R. Co.* 125 Ill. 385. The sufficiency of an answer must be tested by demurrer or objection to proof. Judgment cannot be rendered regardless of it. *Maxwell v. Jarvis*, 14 Wis. 505; *Pritchard v. Huntington*, 16 id. 569.

The proposed amended answer cannot serve as a basis for the judgment. It is no part of the judgment roll. R. S. secs. 2898, 2872; *Williams v. Holmes*, 7 Wis. 168; *Cornell v. Davis*, 16 id. 686. And the judgment is not defensible if such proposed answer *is* taken for its basis. That answer, like the original, sets up the land contract and possession under it. The lease mentioned in it could not extinguish the equitable title under that contract because, at most, it created a mere subordinate estate and interest. It did not have any such effect, because it was made by mistake and was immediately abandoned. *Brinser v. Anderson*, 11 Atl. Rep. (Pa.), 809; *Jack v. Corneal*, 2 A. K. Marsh. 518, cited in 47 Wis. 394. The lease does not estop the defendant: (1) Because he did not obtain possession under it. *Shields v. Lozear*, 34 N. J. Law, 496; *Franklin v. Merida*, 35 Cal. 558; *Peralta v. Ginochio*, 47 id. 459; *Jackson v. Leek*, 12 Wend. 105; *Alderson v. Miller*, 15 Grat. 279; *Washington v. Con-*

*rad,* 2 Humph. 562; *Givens v. Mullinax,* 4 Rich. (S. C.), 590.
(2) Because no one ever acted on its faith. (3) Because it
was unfairly obtained. Wood, Landl. & T. sec. 236, p. 371,
note 1; *People v. Howlett,* 76 N. Y. 574; *Mays v. Dwight,*
82 Pa. St. 462; *Pearce v. Nix,* 34 Ala. 183; *Alderson v.
Miller,* 15 Grat. 279; 2 Herman, Estoppel, sec. 862; *Dean
v. Swift,* 11 Vt. 333; *Brown v. Dysenger,* Rawle (Pa.), 408;
*Miller v. Bonsadon,* 9 Ala. 317.

The justice had no jurisdiction, because the title to real
property was in question. R. S. secs. 3573, 3619–22. There
are many exceptions to the rule that a tenant cannot deny
his landlord's title; and whenever he may do so in any
case, he may do so in an action like this, if proof of legal
or equitable title in himself would show that he is entitled
to the possession. See *Silvey v. Sumner,* 61 Mo. 253; *Night-
engale v. Barens,* 47 Wis. 389; *Diggle v. Boulden,* 48 id. 477;
Wood, Land. & T. sec. 236, p. 373, and note; *Ryder v. Man-
sell,* 66 Me. 167; *Shields v. Lozear,* 34 N. J. Law, 496; 8
Am. & Eng. Ency. of Law, 161, note; *Wheelock v. War-
schauer,* 21 Cal. 309; *Bowser v. Bowser,* 8 Humph. 23;
*Steinbeck v. Krone,* 36 Cal. 303; *Heritage v. Wilfong,* 58
Pa. St. 137.

For the respondent there was a brief by *Fairchild &
Fairchild,* and oral argument by *H. O. Fairchild.* They
contended, *inter alia,* that the voluntary execution of the
lease operated as a complete abandonment of all equities
under the pretended contract of purchase, and the defend-
ant's possession thereafter must be referred to the lease.
*Rankin v. Simpson,* 19 Pa. St. 471; *Dougan v. Blocher,* 24
id. 28; *Zimmerman v. Wengert,* 31 id. 405; Pomeroy on
Contracts, sec. 125, p. 178; *Strain v. Gardner,* 61 Wis. 174.
The defendant is estopped by the lease to deny either that
the plaintiff had no possession to give at the time of its ex-
ecution, or that he did not hold the possession from the
plaintiff. *Strain v. Gardner, supra; Newton v. Leary,* 64

Wis. 190; *Winterfield v. Stauss,* 24 id. 394, 398, 405; *Chase v. Dearborn,* 21 id. 57; *Lacy v. Johnson,* 58 id. 414; *Ward v. Philadelphia,* 4 Cent. Rep. (Pa.), 662; *Riverside Co. v. Townsend,* 120 Ill. 9; *Platteville v. Bell,* 66 Wis. 326, 333; *Jackson v. Ayers,* 14 Johns. 224; *Nellis v. Lathrop,* 22 Wend. 121; *Miller v. Lang,* 99 Mass. 13; *Lucas v. Brooks,* 18 Wall. 436; *Prevot v. Lawrence,* 51 N. Y. 219.

COLE, C. J.   This action was brought under ch. 145, R. S., for the alleged unlawful holding over of premises, after the expiration of the term, without the permission of the land-lord.   The action was commenced before a justice of the peace.   The complaint alleged that the plaintiff company, being on the 1st day of July, 1884, in the possession of the premises, executed a written lease of them to the defend-ant for the term of five years for an annual rent of $125, which the defendant agreed to pay, and also agreed at the end of the term to quit and surrender the premises to the complainant in as good a state as reasonable use thereof would permit.

In his answer in the justice's court, the defendant in sub-stance alleged that, in the summer of 1869, he and his brother, James Philbrook, entered into a contract for the purchase of the premises with Jesse Spalding and one Por-ter, who then owned them, and were put into possession under their contract of purchase; that the defendant and his brother paid the full purchase price, and continued in the exclusive possession up to the present time (the brother having died in 1881, and the defendant having acquired all his right, title, and interest therein); that the plaintiff cor-poration, when organized, succeeded to and acquired the right and title in and to the premises, subject to the condi-tions of sale and purchase which the defendant and his brother entered into with Spalding and Porter.   It is fur-ther averred that the defendant, having paid the full pur-

chase price of the premises, is now the owner thereof and is entitled to a deed of the same, and " that, except as hereinbefore admitted or explained, the defendant denies each and every allegation in the plaintiff's complaint contained." It is then stated in the answer that, by reason of the facts set forth therein, the title to the premises will be brought in issue, and the defendant demands that the justice certify the cause to the circuit court for trial. A bond in due form was tendered the justice and filed, but the justice, against the objection of the defendant, who retired from court, proceeded and tried the cause, giving judgment for the plaintiff for the restoration of the property.

The defendant then took the cause, by appeal, to the circuit court, where, on the cause coming on to be heard, he made a motion to dismiss the action on the ground that the court had no jurisdiction for the reason that the judgment rendered by the justice was void, the answer showing that the title to lands was brought in dispute, which issue the justice had no authority, under the statute, to try. The motion to dismiss was denied, and subsequent proceedings were had in the circuit court, which will soon be referred to.

But the question which first now presents itself is, Had the justice, in view of the matters set up in the answer, jurisdiction to try the cause? It seems to us this question must be answered in the affirmative. It is obvious, if the facts stated in the answer are true, that the defendant is the equitable owner of the premises, and that the relation of landlord and tenant does not exist between the parties. Now, the action is for an unlawful holding over by the tenant, after the expiration of his lease, without the permission of the landlord. Has not the justice power to try and determine whether the plaintiff is the landlord, or ever gave a valid lease to the defendant which was accepted, or whether the defendant is the real owner of the premises, never having held them under a lease, but having always

been in possession of them under his contract of purchase as owner? These questions are necessarily involved in the facts stated in the answer, and must be determined. This summary remedy given to landlords against tenants holding over was never intended to be a substitute for the action of ejectment. But, suppose a person invokes this remedy where he is not a landlord and holds no such relation to the defendant, can the justice, in the exercise of a lawful jurisdiction, inquire into the facts, and determine whether the relation of landlord and tenant does actually exist between the parties? It seems to us these questions must be tried and determined when they are put in issue, and that the justice has power to decide them. Suppose the plaintiff in this case, to support his claim, offers in evidence a forged lease, or one which its agents induced the defendant to sign through some trick, artifice, or misrepresentation, is the defendant bound by it, and must he give up possession of premises which he owns? These suggestions are sufficent to show that, from the necessity of the case, the justice must have jurisdiction to determine, where the issue is raised, whether the relation of landlord and tenant exists between the parties, and may consider the effect of all pertinent proof, oral or documentary, which may be offered before him, bearing on that question. If it be shown that such relation does not in fact exist, that defeats the action, for this court has decided that it is essential to support the action that the conventional relation of landlord and tenant must exist. *Nightingale v. Barens,* 47 Wis. 390; *Strain v. Gardner,* 61 Wis. 174; *Newton v. Leary,* 64 Wis. 190; *Buel v. Buel,* 76 Wis. 413.

Says Mr. Justice TAYLOR, in *Newton v. Leary,* " In cases under those provisions of the chapter which authorize a landlord to dispossess his tenant under proceedings similar to those for the dispossession of a person who has forcibly entered upon the possession of another or forcibly detains

such possession from him, the only questions to be tried are (1) whether the relation of landlord and tenant exists between the plaintiff and defendant; (2) whether such tenant holds over after the term of his lease has expired or after he has violated some provision thereof, or, if the proceeding is taken for the nonpayment of rent according to his lease, whether such rent is in part unpaid; and (3) whether the proper notice has been given before the action is commenced. All these questions the justice has power to try." 64 Wis. 195. So, here, we think it clear that the justice had power to determine whether the relation of landlord and tenant existed between these parties, and could adjudicate upon the facts set up in the answer. It was like trying the question whether there had been an assignment of the lease, as in *Savage v. Carney*, 8 Wis. 162; or whether the facts stated a forcible entry and detainer, as in *Jarvis v. Hamilton*, 16 Wis. 575; or whether the plaintiff had succeeded to the rights of the original lessor, as in *Winterfield v. Stauss*, 24 Wis. 394,— all of which questions are not properly questions of title to land, within the meaning of sec. 3619, R. S.

In the circuit court, the defendant asked leave to file an amended answer which alleged, as in the original answer, a purchase of the premises and the payment in full of the purchase money before suit brought, showing that he was the equitable owner of the property, and also showing how he was induced to sign a lease which is the basis of the plaintiff's case. The circuit court denied the application to amend the answer, and ordered that "the proposed amended answer" be filed. When the cause was reached in its order on the calendar for trial, the plaintiff made a motion for judgment "*upon the pleadings and the proposed amended answer*," which motion was granted. It is said that there was really no trial, and we infer from the recital in the judgment that no proofs were taken upon the issues formed,

The Menominee River Lumber Co. vs. Philbrook.

though the original answer was before the circuit court, which denied, in effect, that the plaintiff was in possession of the premises under a lease, but held them as owner. There is no bill of exceptions showing the rulings of the circuit court on the trial, if any trial was had, but we feel bound to assume, from the recitals which we have referred to, that the judgment was, in fact, rendered on the pleadings and "the proposed amended answer." What office the "proposed amended answer" could perform after the court denied the motion to allow it as an amendment to the original answer is not very obvious, but it seems it was ordered to be left on file in the cause as a proposed amended answer. It is suggested that the facts or statements in it were regarded and treated as admissions by the defendant as to the character of his possession, and that he was in fact holding over under a lease which he had accepted. But the defendant's rights under his land contract should not be extinguished by the existence of a lease, unless the lease was deliberately entered into with full knowledge of its character and effect, and the defendant took possession under it; so that the proposed answer does not clearly show, even if it is deemed to be evidence in the cause, that the defendant ever took possession of the premises under the alleged lease. It does not, therefore, aid the plaintiff's case, or show that the relation of landlord and tenant existed between it and the defendant. It would be an unwarranted inference from the matter stated in the proposed answer to hold that the lease mentioned therein necessarily terminated or destroyed all the rights which the defendant had acquired under his land contract and payment of the purchase money. No such effect can be given to the allegations in the "proposed amended answer."

It is a matter of regret that the cause was not tried upon its merits; but upon this record we feel constrained to reverse the judgment and remand the cause for a new trial.

*By the Court.*— It is so ordered.