## JARVIS vs. HAMILTON.

In an action for an unlawful and forcible entry and detainer, there was evidence tending strongly to show that the plaintiff, by himself, tenant or agent, had been in the quiet and peaceable possession of the premises described in the complaint, except a small fraction thereof, for two years before the defendant's entry. There was conflicting evidence as to whether the person who held the possession at the time of such entry, held as *agent* or as *tenant* of the plaintiff. There was also evidence showing that plaintiff had nailed up and otherwise fastened up the doors and windows of the dwelling house upon the premises, and left it unoccupied; that a short time after, defendant was found in possession of the house and premises, and refused to deliver it on demand of the plaintiff, threatening violent resistance : *Held*, that it was error to nonsuit the plaintiff upon this evidence.

It was no valid objection that the complaint embraced more land than the plaintiff had a right to recover. The verdict and judgment might have been for so much of the premises as the jury found were detained.

APPEAL from the Circuit Court for *Dane* County.

Action for an unlawful and forcible entry and detainer. The premises were described in the complaint as the east half of the northeast quarter of a certain section in said county. After the plaintiff rested, the court, on defendant's motion, order-

ed a nonsuit; and the plaintiff appealed from the judgment.

It has not been deemed worth while to report the evidence in the case.

*E. & C. T. Wakeley*, for appellant, to the point that if there was any doubt upon any question of fact involved, it should have been left to the jury under proper instructions, cited *Eastman v. White*, 3 Chand., 196 ; *Ferrell v. Lamar*, 1 Wis., 8 ; *Gates v. Winslow*, id., 650 ; 4 Johns., 198 ; 11 id., 504 ; 8 Cow., 226 ; Addison, 17 ; 1 Southard, 129 ; 7 Halsted, 202 ; 2 Blackf., 133 ; 5 Met., 343 ; 3 Brev., 413–87 ; 9 Dana, 320 ; 9 Yerg., 93, 317 ; 1 Ham., 398 ; 8 Scam., 407 ; 1 Cush., 487 ; 3 Sneed, 11 ; 5 Cal., 266 ; 9 id., 46 ; 1 Hawk. P. C., 502.   2. The variance between the complaint and the evidence in respect to the description of the premises was immaterial.   The verdict and judgment should be for so much of the premises as the jury should find to be detained.   *Ball v. Lively*, 2 J. J. Marsh., 183 ; *Atchley v. Latham*, 3 A. K. Marsh., 164 ; *Taylor v. White*, 1 Mon., 38.   Under the code, a variance between the complaint and the evidence is never a ground of nonsuit. 7 Wis. 365 ; 10 id., 81.

*Geo. B. Smith* and *C. C. Remington*, for respondent, contended, among other things, that at the time of the alleged forcible entry of defendant, Ames was in possession as plaintiff's tenant.   A landlord cannot maintain this action for an entry upon the possession of his tenant.   *Treat v. Stuart*, 5 Cal., 113 ; *Bennett v. Montgomery*, 3 Halst., 43 ; *Yoder v. Easley*, 2 Dana, 245.   In *House v. Camp*, 32 Ala., 541, it was held that even a tenant at will could maintain this action.   2. Under the statute " of forcible entry and unlawful detainer" (ch. 151, R. S.), there are but two classes of cases : (1.) Forcible entry and unlawful detainer, wherein the forcible entry is an indispensable ingredient.   (2.) Peaceable entry and unlawful detainer, wherein a tenant holds over after the expiration of his lease.   Sec. 12 ; *Ferrell v. Lamar*, 1 Wis., 8.   The case of *Savage v. Carney*,

8 Wis., 162, is consistent with this view.    The case at bar belongs to the first class, and it was indispensable for the plaintiff to prove a forcible entry; but the entry was in fact peaceable, and at the worst only a trespass.    3. If the court should hold that there can be an action for a forcible detainer without a forcible entry, and that this is such an action, we answer that the detention must be *riotous*.    *Frazier v. Hanlon*, 5 Cal., 156; 17 Wend., 257.

*By the Court*, DOWNER, J.    The court below erred in granting the motion for a nonsuit.    There was sufficient evidence on which to submit the case to the jury, with proper instructions. The evidence proved, or strongly tended to prove, that the plaintiff, either by himself, tenant or agent, had been in the quiet and peaceable possession of the premises, except two acres and a half, for two years before the commencement of the action. The counsel for the respondent maintains that the evidence shows that John N. Ames was in possession of the premises at the time of the commencement of the action, as tenant of the plaintiff.    Some of the testimony tends to prove that he was in possession with the rights of a tenant, and some that he was in possession merely as an agent of *Jarvis*.    If he was acting only as an agent, *Jarvis* would have the possession necessary to enable him to maintain the action.    Whether Ames was in possession as agent or tenant, was a question for the jury.

It is insisted that there was not evidence sufficient to support a verdict finding the defendant guilty of either a forcible entry or forcible detainer.    The evidence is to the effect that *Jarvis* nailed up and fastened up the doors and windows of the dwelling house upon the premises, and left the house unoccupied, giving Ames care of the premises; that a short time after, *Hamilton* was found in possession of the house and the premises; and when possession was demanded of him by the plaintiff, he refused to give it, and told him if he got possession it would be over his dead body, or words to that effect.    The

jury might have found from this testimony that the defendant broke into the house, using more or less of force and violence: and if (the possession of the plaintiff being proved to their satisfaction) the jury had found the defendant guilty of both a forcible entry and a forcible detainer, their verdict would not have been disturbed for want of evidence to sustain it. *Davidson v. Phillips*, 9 Yerg., 93 ; *The People v. Rickert*, 8 Cow., 226.

It was no valid objection, that the complaint embraced two acres and a half of land that the plaintiff had no right to recover. The verdict and judgment might have been for so much of the premises as the jury found were detained. *Taylor v. White*, 1 Mon., 38 ; *Ball v. Lively*, 2 J. J. Marsh., 183.

The judgment of the circuit court is reversed, with costs, and a *venire de novo* awarded.