No. 1,389.

GEORGE BROWN, APPELLANT, v. WILLIAM PERRY et al., RESPONDENTS.

39  23
f149  286

FORCIBLE ENTRY AND DETAINER—PRIOR POSSESSION.—The proof of the prior possession of the premises by the defendant, does not constitute a defense to the action of forcible entry and detainer.

IDEM.—A forcible entry necessarily tends to a breach of the peace.

APPEAL from the County Court, City and County of San Francisco.

The case is stated in the opinion.

*M. A. Wheaton*, for Appellant.

*First*—The proof of prior possession by the defendants constitute no defense in this action. (*Hodgkins* v. *Jordan*, 29 Cal. 578; *Owen* v. *Doty*, 28 Cal. 505; *Davis* v. *Perley*, 30 Cal. 632.)

*Second*—The gist of this action is the forcible entry. (*McMinn* v. *Bliss*, 31 Cal. 123; *Preston* v. *Kehoe*, 15 Cal. 318; *Roff* v. *Duane*, 27 Cal. 565.)

*Byrne & Freelon*, for Respondents.

No brief for respondents on file.

RHODES, C. J., delivered the opinion of the Court:

That proof of prior possession of the premises in controversy, in an action of forcible entry and detainer, does not constitute a defense to the action, is so well settled that a citation of authorities is unnecessary.

The Court instructed the jury "that if they believed from the evidence that the defendants had possession of the premises before and at the time the plaintiff went there to build his house, and that the premises were inclosed by a fence sufficient to mark the boundaries, and Brown built his house and fence within said inclosure, then I charge you, as law, that the defendants had a right, three or four weeks, or even six or twelve weeks afterward, to tear down and remove Brown's house and fence, if they could do so without danger of committing a breach of the peace." The

plaintiff proved the requisite possession on his part to en-
title him to maintain the action. The possession of the
defendants prior to or at the time of the entry of the plain-
tiff, does not, as we have seen, constitute a defense to the
action, and therefore will not justify or excuse a forcible
entry. The other branch of the instruction is equally faulty.
The tearing down and removal of the house and fence of
the plaintiff while he was in possession, as shown in this
case, amounted to a forcible entry; and whether it caused a
breach of the peace or not, it is clear that it tended to such
a result. The law prohibits a forcible entry, even by the
person entitled to the possession, for the reason, among
others, that it necessarily tends to a breach of the peace.

Judgment reversed and cause remanded for a new trial.

SPRAGUE, J., expressed no opinion.