## AINSWORTH VS. BARRY.

FORCIBLE ENTRY AND DETAINER. (1) *When the action will lie.* (2) *Evidence.*

1. The parties to the action had had negotiations about the purchase and sale of a dwelling house belonging to plaintiff and in his possession, but there had been no sale or delivery of possession to defendant. The house was vacant, the doors and windows were fastened in the usual manner, and plaintiff had the key, which he refused to deliver to defendant. The latter then made an entry into the house, after dark, by forcing open a window which was fastened, after trying to get through the back door. As soon as plaintiff discovered that defendant was in possession (with his family and household goods), which was a day or two after such entry, he ordered him out, and threatened to send an officer to put him out ; but defendant refused to leave the house ; and thereupon this action was brought, under the statute " Of forcible entry and unlawful detainer " (R. S., ch. 151). *Held*, that upon the facts stated the jury might have found that defendant broke into the house with some degree of force, intending to hold possession by force; and the action would lie.

2. The jury having been instructed that if defendant did not himself use

Ainsworth vs. Barry.

force to effect his entrance, but entered through a door opened by his wife, he was not chargeable in this form of action, the exclusion of the wife, as a witness in defendant's behalf, to show in what manner *she* entered the house, is not error.

APPEAL from the Circuit Court for *Dane* County.

This was an action of forcible entry and detainer, brought in justice's court, where plaintiff had judgment; and defendant appealed to the circuit court. The statute (R. S., ch. 151, sec. 1) upon which the action is founded, provides as follows: "No person or persons shall hereafter make any entry into lands, tenements or other possessions, but in cases where entry is given by law, and in such cases not with strong hand, nor with multitude of people, but only in a peaceable manner; and if any person from henceforth do to the contrary, and thereof be duly convicted, he shall be punished by fine." The opinion states the facts. The jury found that the defendant, was "guilty of the unlawful and forcible entry of the premises described in the complaint in this action, as therein alleged, and that the plaintiff ought to have restitution of the said premises without delay." Judgment for the plaintiff, for restitution of the property, and costs, and that the defendant pay a fine of one dollar; from which judgment defendant appealed.

*Vilas & Bryant*, for appellant, insisted that the object of the statute was originally, and a just interpretation requires its construction to be, to prevent such conduct as is calculated to create breaches of the peace, inspire personal terror, or do, at at least, as to property, some actual, visible, physical violence and destruction. See 1 Hawk. P. C., ch. 28, secs. 25–27; 2 Bac. Abr., 558; *Winterfield v. Stauss*, 24 Wis., 394; *Willard v. Warren*, 17 Wend., 257; *People v. Rickert*, 8 Cow., 226; *Commonwealth v. Dudley*, 10 Mass., 403; *Frazier v. Hanlon*, 5 Cal., 156; *Commonwealth v. Shattuck*, 4 Cush., 141. 2. It was error to exclude defendant's wife as a witness to the manner of entering the house. Defendant had testified that what she did

he could not see, and since it was her act for which he was on trial, she was competent. If she was his agent to commit an offense out of his sight, she could also testify to the manner of its commission, as he might have done had he committed the act. *Birdsall v. Dunn*, 16 Wis., 235; *Respublica v. Shryber*, 1 Dall., 68.

*Gill & Foot, contra*, argued that *Barry's* entry into the house after dark by forcing open a window, the premises being in the actual possession of *Ainsworth*, who had refused *Barry* the key, and the doors and windows being all fastened in the usual manner, and *Barry's* refusal to go out when ordered to do so, showed the entry to have been a forcible one, made with " strong hand," within the meaning of the statute. *Jarvis v. Hamilton*, 19 Wis., 187. The term " entry with strong hand," as used in the statute, means an entry under such circumstances as would induce an ordinarily prudent person to believe that an attempt to regain possession would be resisted with force; and the character of the entry may be proven by any and all circumstances that relate to the taking, holding or detention. · A forcible detainer, when proven, is not a distinct offense, but only evidence giving character to the entry. See *McCauley v. Weller*, 12 Cal., 527; *Scarlett v. Lamarque*, 5 id., 63; *Shoudy v. School Directors*, 32 Ill., 290; *Davidson v. Phillips*, 9 Yerg., 93; *Childress v. Black*, id., 317. The statute was evidently intended to protect possessions that are temporarily vacant, and to relieve an injured party from the necessity and danger of using physical force to regain possession.

COLE, J. It would be a most unprofitable labor to go through all the cases found in the books, or even cited by counsel, and attempt to reconcile all that is said in them in respect to the degree of force or personal violence which must be used or threatened in order to constitute the forcible entry or forcible detainer contemplated by the statute. The divergence of views sometimes expressed is doubtless in part owing

to the different phraseology of the statutes under which the cases have arisen. It is conceded that the object of the statute is not to punish a mere trespass, nor is it intended to furnish a substitute for an action of ejectment, in which questions of title are to be adjudicated and determined. The entry or the detainer, ·to be forcible, it is frequently said, must be accompanied with some circumstances of violence used or threatened against the persons evicted or kept out of possession, and which tend to a breach of the peace. The court below directed the jury that the proceeding was authorized when the original entry was made by force or violence; or where the original entry was unlawful and unauthorized, although not accompanied with actual force and violence, and possession was thereafter held against the lawful owner by such acts of force and violence as would, if exerted or used in the entry, make such entry forcible. And as to what acts or conduct would amount to a forcible entry, the court further told the jury that a mere entry into a house, although unlawful and unauthorized, made even after the entry was forbidden by the owner, was not a forcible entry unless accompanied by circumstances of force or violence, or by threats or other means of intimidation employed to make the possessor relinquish possession. And where the entry was made upon premises not in the actual possession of any one at the moment, and into a dwelling house which was at the time vacant, the court held that the force might consist in the breaking in of a door or the forcible breaking of some other part of the house to obtain admission ; and that in case the house was locked up, and the windows fastened, it would be sufficient if the guilty party used some force, manual or otherwise, to undo the fastenings to the windows, or to crowd back the bolts in the locks, in order to secure an entrance, to render the entry forcible within the meaning of the statute. This is not the exact language, but is the substance and fair import of the charge to which exception is taken. And the question is, Was it not substantially correct

in view of the evidence? That it was in harmony with the law as laid down in *Jarvis v. Hamilton*, 19 Wis., 187, we think cannot be denied.

In this case the dwelling house was undoubtedly in possession of the plaintiff, though vacant at the time. The doors and windows were all fastened in the usual manner. There had been some negotiations between the parties about purchasing the property, but it is fair to assume that no trade had been consummated by a sale and delivery of possession. The plaintiff held the key. The defendant had asked him for it, and had been refused. The defendant then made an entry into the house after dark by forcing open a window which was fastened, after trying to get in through the back door. He thus obtained possession, and occupied the house for a day or two with his family and household goods, before the plaintiff knew of his entry. As soon as the plaintiff discovered that he was in possession, he ordered him to go out, and threatened he would have an officer to put him out. The defendant, however, refused to give possession or to leave the house. This suit was then instituted to get possession.

The counsel for the defendant insists that the statute of forcible entry was never intended to reach a case of this kind. The entry here, it is claimed, was accompanied with no circumstances of actual violence or terror; no dangerous weapons were used to retain possession; and the original entry was not " with strong hand nor with multitude of people," such as the statute contemplates. But this case is quite as strong in its facts as that of *Jarvis v. Hamilton, supra.* It is true, as there was no one in the house when the defendant made the entry, there was no one towards whom personal violence or acts of intimidation or terror could be used. But in view of the evidence the jury might have found that the defendant broke into the house, using more or less of force and violence, and that he intended to hold possession at all hazards. If so, it seems to us the case would fall within the statute. At all events this is the con-

struction already placed upon the statute, and we are not now disposed to disturb that decision.

We do not think it was error to exclude the defendant's wife as a witness to prove the manner in which she entered the house. The jury were told that if the defendant did not himself use violence or force to effect his entrance, but entered through a door opened by his wife, he was not chargeable in this form of action. The acts of violence must be found to be his.

We think the judgment of the circuit court must be affirmed, and the cause remanded with directions to award a writ of restitution.

*By the Court.* — So ordered.