## ROBERT G. ALLEN

*v.*

## LOUIS TOBIAS *et al.*

### SAME *v.* PETER EICHORN.

1. FORCIBLE ENTRY AND DETAINER—*sufficiency of possession.* Where a party claiming a vacant lot, inclosed the same by building a fence so as to join with another fence and a brick wall, and thus keep out domestic animals, and inform all persons that the premises were appropriated, it was *held,* that this was a sufficient actual possession to maintain forcible entry and detainer against parties breaking down and destroying the fence in a forcible manner, under claim of ownership.

2. POSSESSION—*party has no right to take by force.* Where a party's land is in the actual possession of another, even though unlawfully, he has no right forcibly to repossess himself, but must resort to the action of forcible entry and detainer, or the action of ejectment.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge, presiding.

Mr. H. W. WELLS, for the appellant.

Mr. JOHN B. COHRS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a complaint before a justice of the peace, in Tazewell county, by Robert G. Allen, against Louis Tobias and Philip Brown, for a forcible entry upon certain premises therein described. of which complainant alleged he was in possession, being part of lot six (6) in the town of Washington, in Tazewell county. And at the same time complaint was made, by the same plaintiff. against Peter Eichorn, for a similar forcible entry upon another part of the same premises. These causes were consolidated by agreement of parties, and both dismissed by the justice of the peace, because no written demand for the possession of the premises was alleged in the complaint. An appeal was taken by the plaintiff to the county court, where a motion was entered to quash the complaint because no written demand of possession was averred. This motion was denied, a jury was called, and the defendant then moved to dismiss, because no notice to quit had been proved, which motion was denied.

The jury found for the defendant, and judgment against the plaintiff for the costs.

An appeal was taken to the circuit court on bill of exceptions and assignment of error, where the judgment of the county court was affirmed.

To reverse this judgment the plaintiff appeals.

It is very clear, this part of lot 6 in controversy was not occupied by any one, nor was it inclosed, nor were there any indicia of ownership when appellant took possession of the same by building a substantial fence along the exterior lines, so as to inclose the entire area. The inclosure, besides the fence erected by appellant, was formed by joining to another fence and to a brick wall on the north, which wall appellant testified was his property. This was a substantial inclosure, and although there may have been a gap of three or four inches where appellant's structure met the connecting structure. it was an inclosure sufficient to keep out ordinary domestic

animals and all persons who might desire to enter upon the land. It was of such a nature as to inform all persons the premises were appropriated. It matters not, in this action, in whom the title may be. This fence inclosing the disputed ground was placed there by appellant, and by the structure he was in actual possession of the premises, and entitled to hold the possession until a better title should be shown.

It was this fence the defendants, in a forcible manner, with axes and hatchets, broke down and destroyed, and the plea is, it was their property. This may be, and if it was, the law has provided abundant means through and by which they could assert their rights. They could have brought an action of forcible entry against appellant, or ejectment, and had no right to use force to repossess themselves. It is unnecessary to cite authorities on this question. This law is familiar to every man. It was to prevent such conduct as is here recorded against the appellees, that the Statute of Forcible Entry and Detainer was passed, and its observance tends very greatly to the peace of society.

There are some objections to the instructions given for appellees. The ninth would seem to imply appellant could not use the brick wall as a part of his inclosure. This he had the clear right to do, with the consent of the owner of the wall. In this case, appellant testified he was the owner; if so, he could, of course, use it for all lawful purposes. The same objection is applicable to the eighth instruction.

There is an objection to the second instruction, which may be noticed, to be corrected on another trial. It assumes the fence was built around a part of the premises only, implying, as the wall was part of the inclosure, therefore the whole lot was not inclosed by a fence. A fence is nothing more than a line of obstacle, and may be composed of any material which will present a sufficient obstruction.

For the reasons given the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*