MADISON M. KNIGHT

v.

MALINDA KNIGHT ET AL.

1. FORCIBLE ENTRY AND DETAINER—POSSESSION.—The plaintiff being in lawful possession of the premises, either as tenant by sufferance or otherwise, the entry of defendants was unlawful if made against the will of the plaintiff, or by force, and the action of forcible entry and detainer will lie to oust them.

2. ABANDONMENT.—The removal, by plaintiff, of his goods from the rooms, is not of itself an abandonment of possession, and declaring his purpose to fit them up for rent, and talking about renting them is a sufficient indication of his intention to retain control over them, to contradict the theory of abandonment.

3. LEGAL TITLE NOT IN ISSUE.—The question, in whom is the legal title to the premises, is one which the court cannot try in this suit.

ERROR to the Circuit Court of Wayne county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES McCARTNEY, for plaintiff in error; that the plaintiff. being in possession the defendants could not enter without being liable for forcible entry and detainer, cited Reeder v. Purdy, 41 Ill. 280;. Smith v. Hoag, 45 Ill. 250; Farwell v. Warren, 51 Ill. 467; Allen v. Tobias et al. 77 Ill. 169; Cook v. Rider, 16 Pick. 186; The People v. Field, 52 Barb. 198; 1 Hawkins' Pleas, 501, § 26; Haley v. Palmer, 9 Dana, 321; Davidson v. Phillips, 9 Yerg. 93.

Possession of the house was possession of all the rooms: Huftalin v. Misner, 70 Ill. 55; Broomfield v. Reynolds, 4 Bibb. 388; Chiles et al. v. Stephens, 3 A. K. Marsh. 117.

Removing the furniture and locking up the house for repairs, is not an abandonment: 4 Comyn's Dig. 353; Kercheval v. Ambler, 4 Dana, 166; Hoffstetter v. Blattner, 8 Mo. 276; Minturn v. Burr, 16 Cal. 107; Evill v. Conwell, 2 Blackf. 133; Jarvis v. Hamilton, 19 Wis. 187; Ainsworth v. Barry, 35 Wis. 136; 6 U. S. Dig. 325.

If possession was taken by force, plaintiff may recover

Knight v. Knight et al.

whether defendant had a right to enter or not: Rev. Stat. 1874, 535, § 1.

Messrs. ROBINSON, BOGGS & JOHNS, for defendants in error; that this action will not lie if the premises were vacant at the time of defendant's entry, cited Rev. Stat. 1874, Chap. 57, § 2; Reeder v. Purdy, 41 Ill. 280; Dean v. Comstock, 32 Ill. 173.

Ownership of the fee draws to it the legal possession unless there be actual adverse possession: Halligan v. C. & R. I. R. R. Co. 15 Ill. 558.

The plaintiff must have actual possession of the rooms in question: McCartney v. McMullen, 38 Ill. 237.

ALLEN, J. This was an action of forcible entry and detainer brought by plaintiff against defendant, before a justice of the peace, to recover certain rooms of a house on lot No. 21, in Fairfield, Ill. A trial was had before the justice of the peace, and an appeal to the Circuit Court. At the March term of that court, a jury was waived, and the evidence in the cause was heard by the court. Judgment for defendants for costs, and plaintiff brings the cause to this court on writ of error.

The evidence tends to show that the title to the lot, on which the house stands, was in the wife of plaintiff, and that plaintiff and wife occupied the house (except one year when it was rented). That at the expiration of that year they again took possession and retained it until death of plaintiff's wife, which occurred in the year 1871. That plaintiff continued in possession of the rooms in controversy (the remainder of the house being rented and in possession of a tenant of plaintiff) until Saturday, the 1st day of July, 1876, when plaintiff, for the purpose of having the rooms fitted up for rent, took out his household goods, locked the door, and put the key in his pocket, gave the tenant occupying the remainder of the house directions to look after the rooms or see to them.

That on the following Monday morning, between daylight and sun-up, defendants came to the house, forced up one of the windows, gained an entrance through the window and took the locks off the doors, and have since kept possession of the rooms.

That wife of plaintiff left no issue by her marriage with plaintiff. That by a former marriage she had one son, who died, leaving defendant, Malinda Knight, his widow, and defendant, Mary A. Gash, and her sister Lucretia, his daughters.

That plaintiff claims no title in the premises, in fee, but that his deceased wife, before her death, requested him to settle up her estate, collect outstanding debts, pay what she owed, and then sell the house and lot, and divide the proceeds between himself and her two grand-daughters equally; and that in pursuance of her directions he proceeded to collect and pay out, but that owing to his inability to collect outstanding debts, he has not been able to settle up her estate, and that, in pursuance of her request, he had retained possession and control of the property in question.

The question: In whom is the legal title to this property? is one with which, in this suit, we have nothing to do, as we cannot try the question of title.

If the plaintiff was in the lawful possession of these rooms, either as a tenant by sufferance, or otherwise, the entry of defendants was unlawful, if against his will, or by force, and this action will lie to oust them. Reeder v. Purdy, 41 Ill. 280; Smith v. Hoag, 45 Ill. 250; Allen v. Tobias et al. 77 Ill. 169.

Defendants claim that plaintiff had abandoned possession of the rooms, and that they had a right to enter on them as vacant and unoccupied.

The mere fact that plaintiff had removed his goods from the rooms was not, of itself, an abandonment of possession; though ordinarily this fact might be so regarded where there was no other circumstances or *indicia* of his purpose to retain possession; but what are the facts as they appear in this case?

He locked the door, closed the windows, retained possession of the key, gave his tenant of the other portion of the house directions about exercising oversight over them, declaring his purpose to fit them up for rent, and had been talking with one man about renting them. All these things go to explain his motive in taking his goods from the rooms, and all contradict the theory that he had abandoned possession of and control over them. We believe this was not such an abandonment

Knight v. Knight et al.

of possession as gave defendants the right to enter, and we are supported in this view by Comyn's Digest, Vol. 4, p. 353; Hoffstetter v. Blatter, 8 Mo. 276; Jarvis v. Hamilton, 19 Wis. 187; Ainsworth v. Barnes, 35 Wis.

And for these reasons this cause is reversed and remanded.

Reversed and remanded.

TANNER, P. J., did not sit in this cause, having tried the cause in the Circuit Court.