Campbell v. Coonradt.

## H. S. CAMPBELL v. D. COONRADT.

1. FACTS *Showing Actual Possession of Premises.* Where a person enters peaceably upon a vacant lot, under a *bona fide* claim of title, with a view of holding possession, and then incloses the lot with a fence composed of posts and barbed wire, of such a nature as to inform all persons that the premises are appropriated, *held,* That such person has the actual possession of the premises.

2. FACTS *Showing Forcible Entry, etc.* If the actual possession of another be taken, in his absence, by unlawfully and forcibly removing and destroying with a chisel and a hatchet or hammer a wire fence inclosing the premises, and such possession is continued to be detained against the will and consent of the original possessor, and a surrender of the premises is refused upon demand, *held,* an unlawful and forcible entry and detainer within the meaning of ₹158, art. 13, ch. 81, p. 727 of Dassler's Comp. Laws, 1879.

*Error from Miami District Court.*

ACTION for an unlawful and forcible entry and detainer, brought by *Campbell* against *Coonradt.* Trial at the February Term, 1879, of the district court, and judgment for the defendant. *Campbell* brings the case to this court. The facts are set forth in the opinion.

*Beeson & Baker*, for plaintiff in error.

*Wm. B. Brayman*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was a complaint before a justice of the peace in Miami county, by H. S. Campbell against David Coonradt, for an unlawful and forcible entry upon certain premises therein described, of which plaintiff alleged he was in possession, being lot seven (7) of block eighty-four (84), in the city of Paola. The answer of the defendant, admitting possession, together with the notice to him to leave the premises, set forth in the complaint, supply any omissions in the complaint of detainer, and we may treat the action in the justice's court and in the district court as one brought by the plaintiff under § 158, ch. 81, p. 727, Dass. Comp. Laws, for an unlawful and forcible entry and detainer of his premises. (*Barrett v. Butler*, 5 Kas. 355.)

On the trial before the justice, judgment of restitution was entered in favor of the plaintiff. An appeal was taken by the defendant to the district court of Miami county. On the hearing in that court, after the plaintiff had introduced his evidence, the defendant demurred to it. The court sustained the demurrer, discharged the jury, and rendered judgment against the plaintiff for costs. To reverse this judgment, the plaintiff brings the case here.

The lot in controversy was not occupied by anyone, nor was it inclosed, improved, or in actual use when the plaintiff, claiming to hold the original title, and to be the owner, took possession of it in August, 1878, by building a fence of posts and barbed wire entirely around the lot, along the exterior lines, without bars, gates, or other openings for ingress or egress. The posts, thirteen in number, were about five feet long and two and one-half inches in diameter, sharpened at one end and driven into the ground. They were originally prepared for grape vines and blackberry bushes to be trellised

45—22 KAS.

upon.  Two wires, fastened to the posts, were stretched around
the lot.  In October, 1878, the defendant, holding a tax deed
upon the premises and claiming title thereunder, entered
upon the lot and took down enough of the fence to make
room for a building.  To make an entry and remove the
fence, he used a chisel and a hatchet or hammer.  At this
time, the plaintiff was in ill health, and confined to his room.
After removing a portion of the fence, the defendant contin-
ued in the possession of the lot, and completed thereon a house
of one story, with three rooms.  The workmen under the
defendant were notified to quit work, but refused.  The de-
fendant was duly served by the plaintiff with a written notice
to leave the premises, and he also refused.

Upon these facts proved in the case, there are but two
questions for our determination.

*First,* Did the plaintiff have actual possession of the prem-
ises at the time of the entry of the defendant?

*Second,* Did the defendant unlawfully and forcibly enter
upon the premises and detain the same?

Both of these interrogatories must be answered in the af-
firmative.

As the proof showed that the plaintiff entered peaceably
upon the lot in August, 1878, under a *bona fide* claim of
title, with a view of holding possession and asserting owner-
ship, and that he inclosed the entire premises so as to give
the public and the defendant notice of his possession and
claim, the testimony upon this point ought not to have been
withdrawn from the jury, as it was sufficient to sustain a
finding that the plaintiff was in the actual possession of the
lot.  (*Giles v. Ortman,* 11 Kas. 59.)

While the premises were thus in the actual possession of
the plaintiff, his inclosure was broken down and destroyed
by the defendant in a forcible manner, with a chisel and a
hatchet or hammer, on the plea that he was the owner of the
lot under a tax deed.  Not only was an entry made, but the
defendant continued to hold possession, and refused to leave

after due demand. He was guilty of something more than an ordinary trespass, and within the meaning of the statute unlawfully and forcibly entered and detained the premises.

It is intimated that the court below sustained the demurrer on the ground that no force was shown to have been committed by the defendant. If the ruling was as stated, it was erroneous. The object of the statute is to prevent fights, violence or other breaches of the peace, and a party who is wrongfully ousted in his absence of his premises by another, and on demand is refused possession, need not put himself in danger of personal violence before availing himself of the statute. If the defendant owns the property in question, the law has provided abundant means through and by which he can assert his rights, without the unlawful action taken by him. He had no right to use force to possess himself of the lot. (*Ainsworth v. Barry*, 35 Wis. 136; *Jarvis v. Hamilton*, 19 Wis. 187; *Allen v. Tobias*, 37 Ill. 169; *Childress v. Black*, 9 Yerg: 317; *Minir v. Duncan*, 54 Ga. 516; *Emsley v. Bennett*, 37 Iowa, 15.)

Many of the decisions referred to by counsel for defendant are not applicable under the provisions of our statute of forcible entry and detainer. Those which require a great degree of force or personal violence to be used, or threatened, in order to constitute forcible entry or forcible detainer, are not satisfactory, in view of the fact that one of the main purposes of the enactment of the law is to preserve the peace and quiet of society.

The judgment of the district court will be reversed, and the case remanded for trial in accordance with the views herein expressed.

All the Justices concurring.