## H. S. Campbell v. David Coonradt, *et al.*

Forcible Entry and Detainer; *Improvements, Removal of; Injunction.*
Where A. owns and is in the possession of certain real estate, and B., believing himself to be the owner and entitled to the possession thereof, forcibly dispossesses A., and takes possession of the property himself, and then makes valuable and lasting improvements thereon, and A. then commences an action of forcible entry and detainer against B., obtains a judgment before the justice, and B. appeals to the district court, giving a sufficient bond, with ample security, that he will not commit or suffer waste to be committed on the premises, and that he will pay double the

value of the use of the property, and all damages and costs, if judgment should be rendered against him; and B. and his sureties are perfectly solvent, and B., expecting judgment to be rendered against him in the forcible entry and detainer case, threatens to remove the improvements made by him from the premises: *held,* that A. cannot maintain an action for an injunction to restrain B. from removing such improvements.

### *Error from Miami District Court.*

INJUNCTION brought by *Campbell* against *Coonradt* and another, to restrain the defendants from committing waste upon a certain lot in the city of Paola. Trial at the adjourned October Term, 1880, of the district court, and judgment for the defendants. The plaintiff brings the case here. The opinion states the facts.

*H. H. Patten,* and *Beeson & Baker,* for plaintiff in error.
*Brayman & Sheldon,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the plaintiff in error, H. S. Campbell, to enjoin the defendants in error, David Coonradt and T. M. Hobson, from committing waste upon a certain lot in the city of Paola, Kansas. The amended petition alleges that the plaintiff is the owner of the lot, and has been ever since the month of August, 1878; that in the month of August or September, 1878, the plaintiff took actual possession of the lot and inclosed it with a fence; that soon afterward the defendant Coonradt unlawfully and forcibly took possession of the lot and erected a dwelling house and other improvements thereon, after being warned by the plaintiff not to intermeddle with the premises; that the dwelling house is attached to the lot, and stands upon a substantial foundation; that the chief value of the lot consists in the improvements; that upon the first day of November, 1878, the plaintiff commenced an action under the forcible entry and detainer laws of the state of Kansas, before a justice of the peace, for restitution of the property, and upon the 12th day of December, 1878, obtained a judgment for restitution, from

which judgment the defendant Coonradt appealed to the district court, and there obtained a judgment against the plaintiff; that the judgment of the district court was afterward reversed by the supreme court, ( 22 Kas. 704;) that the cause is now pending in the district court; that the defendants threaten to and are about to remove from the lot the dwelling house, fencing and other improvements, and place them upon another lot held by the defendant Coonradt under a tax deed; and that neither of the defendants has any interest in, or title to the premises. The plaintiff prays for a temporary injunction, and that it may be made perpetual upon the final hearing.

The defendant Hobson made default. The defendant Coonradt filed his answer, which did not specifically controvert the allegations of the plaintiff's petition, but alleged that Coonradt had a tax deed on the property; that he was advised and believed that he had a good and legal right to take possession of the premises in the manner in which he did; that, acting upon this advice and belief, he entered upon the premises, and erected a dwelling house thereon, and made other improvements thereon, to the value of six hundred dollars; that when the decision of the supreme court of the state of Kansas in the case of *Campbell v. Coonradt*, ( 22 Kas. 704,) was made, he was of the opinion that he would have to surrender the possession of the premises to the plaintiff; that he was making arrangements to place the premises in exactly the same condition they were in when he took possession, or as nearly as could be done; and that the improvements he sought to remove were made at his own expense. To this answer the plaintiff demurred, upon the ground that it did not state facts sufficient to constitute a defense. Upon the hearing of this demurrer, the court held that the amended petition did not state facts sufficient to entitle plaintiff to an injunction, and dissolved the temporary injunction which had been granted at the commencement of the suit, and granted a suspension of the order under § 567 of the civil code, and gave judgment in favor of the defendants and against the plaintiff for costs.

Plaintiff excepted, and now brings the case to this court for review.

The statute under which the defendant Coonradt took his appeal from the justice of the peace to the district court reads as follows:

"SEC. 11. In appeals taken by the defendant in actions for the forcible entry and detention, or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned that the appellant will not commit or suffer waste to be committed on the premises in controversy; and if, upon the further trial of the cause, judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property pursuant to the judgment, and all damages and costs that may be awarded against him." (Laws of 1870, ch. 88, § 11; Comp. Laws 1879, p. 721.)

There is no pretense that the appeal bond given by the defendant Coonradt was not amply sufficient in every particular, and no pretense that the defendant Coonradt, or either of his sureties, was not amply able to respond to any amount of damages that might be adjudged against them. There is no pretense that the defendant Coonradt, or either of his sureties, was or is insolvent. The only question then is this: Can the plaintiff maintain an action for an injunction, where he has an adequate remedy for damages, provided he has any remedy? And the recovery of damages for the removal of the improvements would certainly be an adequate remedy, for the improvements were never in the possession of the plaintiff, or in the possession of any of his grantors or ancestors; and neither he nor any of his grantors or ancestors ever expended any money for their construction, and the removal of the same would not leave the estate in any worse condition than it was when the defendant took the possession thereof. There is no ground upon which the plaintiff could entertain any tender sentiment of love or affection or attachment for the improvements; and hence, as a mere matter of sentiment, he cannot ask for an injunction to prevent their removal. Complete damages for their removal would cer-

tainly be as full a satisfaction to any sentiments which he entertains, as an injunction to prevent their removal. Besides, it would be better for him to first obtain his judgment in the suit for forcible entry and detainer, and obtain all the relief he can in that suit, and then commence an action for any additional relief to which he may be entitled. Such a course would tend to avoid a multiplicity of suits.

The question presented for our consideration, stated more at length and in more exact terms, we think, is substantially as follows: Where A. owns, and is in the possession of certain real estate, and B., believing himself to be the owner and entitled to the possession thereof, forcibly dispossesses A., and takes possession of the property himself, and then makes valuable and lasting improvements thereon, and A. then commences an action of forcible entry and detainer against B., obtains a judgment before the justice, and B. appeals to the district court, giving a sufficient bond, with ample security, that he will not commit or suffer waste to be committed on the premises, and that he will pay double the value of the use of the property, and all damages and costs, if judgment should be rendered against him; and B. and his sureties are perfectly solvent, and B., expecting judgment to be rendered against him in the forcible entry and detainer case, threatens to remove the improvements made by him from the premises: can A. maintain an action for an injunction to restrain B. from removing such improvements? We think, under the circumstances of this case, that he cannot; and therefore the judgment of the court below will be affirmed.

All the Justices concurring.