## DAVID COONRADT V. H. S. CAMPBELL, et al.

INJUNCTION AND APPEAL BONDS; *Measure of Recovery.* A held title to a lot by regular chain of conveyances from the government. B held a tax deed on the same lot. A took possession, and fenced the lot. Thereafter, B forcibly broke through the fence, dispossessed A, took possession, and put up a small dwelling-house. This was so attached to the ground as to become a part of the realty. A commenced an action of forcible entry and detainer to obtain restitution of the premises. This action was not commenced until after the completion by B of the house and improvements. A obtained judgment before the justice. B appealed to the district court, giving bond to pay double the rental value of the *lot.* On a second trial in the district court A obtained judgment of restitution, and B took this judgment on error to the supreme court, staying proceedings by an ordinary supersedeas bond. This court affirmed that judgment, and restitution was made of the premises to A. Pending the proceedings in the district court, B attempted to remove the buildings and improvements which he had placed upon the lot. A obtained an injunction restraining such removal, which injunction on final trial was dissolved, on the ground that A was amply protected by the obligations of the appeal bond. The validity of B's tax deed has not as yet been adjudicated. *Held,* That B was not entitled to recover as damages on the injunction bond the value of the improvements placed by him on the lot, and which by the injunction he was prevented from removing. Also, *held,* that the liability for double the rental value imposed by the appeal bond was not set aside or suspended by the supersedeas bond. And *held further,* that A was entitled to recover upon the appeal bond double the rental value of the lot, with all the improvements, as they existed at the time of commencing the action of forcible entry and detainer, and irrespective of the question as to who paid for those improvements.

### *Error from Miami District Court.*

ACTION brought by *David Coonradt* against *H. S. Campbell* and N. P. Gregg, upon an injunction bond, for damages alleged to have been sustained by reason of a temporary injunction theretofore procured by *Campbell* against *Coonradt* and another, and for costs and expenses of obtaining a dissolution of the injunction. Defendants answered separately, pleading as a counter claim in favor of *Campbell,* who was the principal in the injunction bond, a claim for damages upon an appeal bond and a supersedeas bond. This suit grows

out of a controversy between these parties, which has been three times brought to this court. Trial at the May Term, 1882, of the district court, and judgment for defendants. The plaintiff brings the case here. The facts are sufficiently stated in the opinion.

*Brayman & Sheldon*, and *H. Stevens*, for plaintiff in error.
*Beeson & Baker*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The defendants in error recovered a judgment against the plaintiff in error in the district court of Miami county for the sum of $375.30, to review which judgment the plaintiff in error brings the record to this court. This is the fourth time that the controversy between these parties has in one shape or another come to this court, and as yet the ultimate rights of the parties have not been adjudicated. A brief history of the litigation will help in the solution of the questions involved in this action. In 1878, Campbell held title by a regular chain of conveyances from the government, of lot 7, block 84, in the city of Paola. Coonradt held a tax deed upon the same lot. It was vacant and unoccupied. Campbell took possession, and fenced it. Thereupon, Coonradt forcibly entered upon the property, dispossessed Campbell, and put up a small dwelling house. Campbell commenced proceedings in forcible entry and detainer before a justice of the peace, and obtained judgment for the restitution of the premises. Coonradt gave bond, and appealed the case to the district court. The trial was had in that court, and judgment rendered in favor of Coonradt. Campbell then brought the case to this court on error, and here the judgment was reversed, and the case remanded to the district court for another trial. (22 Kas. 704.) Upon the second trial in the district court, Campbell obtained judgment of restitution, and Coonradt brought the case a second time to this court, staying all proceedings by a supersedeas bond. That judgment was affirmed. (25 Kas. 227.) After the first judgment in the dis-

trict court had been reversed by this court, Coonradt, fearing that he would finally be beaten in that action, undertook to remove the building and other improvements which he had placed upon the lot. Campbell obtained a temporary injunction restraining any such removal. But upon the final trial this injunction was set aside by the district court, and judgment entered for the defendant. This judgment was affirmed by us, this court holding that the appeal bond given by Coonradt was sufficient protection to Campbell, and that therefore no resort to the equitable proceeding of injunction was necessary. (26 Kas. 67.) Prior however to this judgment, the proceedings in the forcible-entry-and-detainer action had culminated in a writ of restitution, and Campbell had obtained possession of the property. Afterward, Coonradt commenced this action upon the injunction bond. Campbell answered, setting up a cause of action on the appeal bond; and upon these respective causes of action the case was tried, resulting, as we have said, in a judgment in favor of Campbell. The case was tried by the court with a jury. Special questions were submitted to the jury, by the answers to which appears separately the amount found to be due to the plaintiff on account of the breach of the injunction bond, as well as the amount due to the defendant on account of the breach of the appeal bond. A large amount of testimony was introduced, much of which we think was irrelevant, but being admitted without objection, presents nothing for our consideration. Elaborate briefs have been filed by counsel, discussing several matters, but we think there are but two or three vital questions, the determination of which disposes of the case and avoids the necessity of referring to the others.

The first is as to the measure of damages on the injunction bond. So far as respects the fees and expenses incurred in obtaining a dissolution of the injunction, it is conceded that they were recoverable. So the court instructed, and the jury found the amount. But plaintiff claims that in addition he is entitled to recover the value of the building and improvements which he put upon the premises, and which by the in-

junction he was prevented from removing. It appears that since Campbell obtained restitution he has sold the property, and delivered possession to a third party. Now the argument of plaintiff is, that his money put these improvements upon the premises; that equitably they were his, but by the injunction he was prevented from taking possession of them and removing them from the lot; and that Campbell has since sold and converted them to his own use. Authorities are cited to show that in estimating damages sustained by the improper issue of an injunction the courts proceed upon equitable grounds, and it is contended that equitably Coonradt is entitled to recover of Campbell the value of such improvements. We think it clearly appears that the improvements were so placed upon the ground as to become a part of the realty. The building was a dwelling-house placed upon stone foundations, so placed by one claiming to be the owner. They constitute a part of the realty, and go with the ground itself to him who shall finally be adjudged the owner of such ground. Now that ownership has not yet been adjudicated. Coonradt holds a tax deed. He may yet bring an action in ejectment, and in such action his title by tax deed may be adjudged good, and then he will take the lot with all the improvements; and it surely would be inequitable to permit him now to recover the value of the improvements when hereafter he may recover the improvements themselves. The dissolution of the injunction was sustained, 'not on the ground that Coonradt equitably owned the improvements, and therefore had a right to remove them, but solely on the ground that Campbell had sufficient protection in the obligations of the appeal bond. Until it is finally adjudged that Coonradt is not the owner of the lot, it cannot be held that he has suffered damages in the value of the improvements by being restrained from removing them. We do not wish to be understood as intimating in this, that if in some subsequent action in which the question is properly in issue, Coonradt's title shall be adjudged invalid, he can then maintain a further action to recover the value of these improvements. It may be that his own mis-

conduct will even then prove a bar to any relief.   We do not decide that question, however, but leave it entirely open, and only say this to guard against any possible misapprehension. All we decide at present is, that with the question of title undetermined, Coonradt is not entitled to recover the value of the improvements in this action on the injunction bond.

Now on the other hand, what damages was Campbell entitled to recover on the appeal bond?   That bond was conditioned as follows: "And if upon further trial of the case judgment be rendered against him, he will pay double the value of the use and occupancy of the said lot from the date of this undertaking until the delivery of the property pursuant to the judgment."   Upon this, plaintiff makes two points.   First, this bond it will be perceived is conditioned to pay double the value of the use.   After the second trial in the district court Coonradt took the case up on error, and stayed proceedings by an ordinary supersedeas bond.   Now it is contended that this supersedeas bond did away with and took the place of the appeal bond; that under it there was only single, and not double liability, and that therefore, while it was in force, Campbell was entitled to recover only the actual rental value, and not double that amount.   This is a mistake.   The appeal bond continued in force from the time it was given until the property was restored under the final judgment.   The supersedeas bond was only additional security, having in no manner set aside the obligations of the appeal bond.   It was entirely optional with Coonradt whether he took the judgment against him in the district court up to this for review, and entirely optional whether if he did take it up he should stay the enforcement of that judgment by a supersedeas.   His election to continue the litigation further and to stay proceedings in no manner released him from the liabilities assumed by this appeal bond.   Second, there was testimony tending to show that the rental value of the lot without any improvements on it was little or nothing, while with the improvements it was from $7 to $10 a month.   Now the plaintiff contends that the appeal bond in terms specifies

the rental value of the *lot*, and that therefore he is only liable for the rental value of the lot without any improvements; and further, that as the improvements were placed upon the lot by himself, he ought not to be compelled to pay anything on account of the additional rental value given to the premises by reason of such improvements. It may be remarked here, that the testimony shows that the improvements were all completed before the commencement of the action of forcible entry. The court instructed and the jury found in favor of Campbell the rental value of the property as it stood. This we think was right. The improvements, as we have seen, were a part of the realty; and where a tract of ground is described in a deed or other instrument, all is presumed to be included which is a part of that realty. The final judgment in the action of forcible entry and detainer has settled the question of Campbell's right to the possession of the property in the condition it was at the time he commenced the action; and Coonradt, having kept him out of the possession during the pendency of such action, is liable to him by the terms of his appeal bond in double the rental value. If this result bears hardly upon Coonradt, it is due to his own wrongful conduct in forcing an entrance into property fenced and in the possession of another.

These are the vital questions in the case. The ruling of the court in respect to them was right. The jury found specially upon them. There is no question but that their finding was correct upon the testimony. It is unnecessary to consider the other questions made by counsel, for, whether there was any technical error or not in them, it would not affect the determination of these vital matters. As to them the decision was right, and therefore the judgment must be affirmed.

All the Justices concurring.