[No. 11139.  Department Two. — September 28, 1886.]

# DAVID ELY, Respondent, v. PETER YORE, Appellant.

Forcible Entry — Removal of Fence in Night-time — Trespass. — The
action was for a forcible entry upon land forming part of an inclosure
of which the plaintiff was in the actual and peaceable possession. Dur-
ing the night-time, the defendant, with a large number of men and sev-
eral teams of horses and wagons, in the absence of the plaintiff and
without his knowledge or consent, entered upon the *locus in quo*, broke
down and dug up the fence inclosing it, and removed the materials to a
considerable distance from their original position. After the entry the
defendant did not personally remain upon the land, but he asserted pos-
session thereof and exercised acts of ownership over it. *Held*, that the
acts of the defendant were more than a mere trespass, and constituted a
forcible entry.

Id. — When Entry is Forcible. — To constitute a forcible entry it is not
necessary that it should be accompanied with tumult or riot directed
against the person of the party in possession. It is sufficient if the entry
is attended with such a display of force as manifests an intention to in-
timidate him, or deter him from defending his rights, or excite him to
repel the invasion of his possession, and thus bring about a breach of the
peace.

Id. — *Held further*, that in such a case it is immaterial whether the person
in possession is present or absent at the time of the entry.

Appeal from a judgment of the Superior Court of
Yuba County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. A. Forbes*, and *W. C. Belcher*, for Appellant.

*W. G. Murphy*, and *W. L. Campbell*, for Respondent.

McKee, J. — The appeal in this case is from an order
denying a motion for a new trial, and from judgment
which awarded to the plaintiff restitution of a tract of
land described in the complaint in the action, three
hundred dollars damages for a forcible entry on the land,
and costs of suit.

The judgment was given upon evidence which proved
that on the 16th of August, 1886, plaintiff and defend-

ant were coterminous occupiers of separate tracts of land
—plaintiff being in the actual and peaceable possession
of his tract, which was inclosed on all sides by a sub-
stantial fence, and the defendant in the actual posses-
sion of the land contiguous to the southern fence line of
the plaintiff's land.

Each of the parties being thus in possession of his
land, the defendant after nightfall of the said 16th of
August entered into the plaintiff's inclosure with several
teams of horses and wagons, and a force of nine men
whom he employed for the purpose, and broke down
and dug up the plaintiff's fence, which separated the
two tracts of land for the distance of about a mile, and
carried the materials of the fence back upon the plain-
tiff's land for more than thirty rods north of where the
fence had been taken up, leaving exposed and open a
strip of summer-fallowed land over thirty rods wide.

There appears to have been a dispute between the
parties about the right of possession of this strip of land
on the southern line of the plaintiff's inclosure; and
while the dispute was going on the defendant made his
entry upon the land.

At the time of the entry the plaintiff was not present.
He resided within his inclosure about two miles away,
and had no knowledge of the entry by the defendant,
nor of the acts committed by him in making the entry
until several days afterwards. When he discovered what
had been done he made no attempt to reconstruct the
fence upon its original line, and the materials were left
as they lay on the ground where the defendant had scat-
tered them.

The defendant and his men worked all night at haul-
ing the fence away. The work was not finished until
after sunrise the next morning, when the defendant,
with his men and teams, retired from the ground. Per-
sonally he did not remain upon the land, but he asserted
possession of it as a portion of the tract of which he was

in the actual possession, and in October following he re-harrowed the ground and sowed it in grain.

The present action was commenced in November.

There was no doubt that the entry on the land was unlawful; but it is contended that it amounted in law to only a trespass, and not to a forcible entry. So that that is the question.

In *Dickinson* v. *Maguire*, 9 Cal. 51, it is said: "At common law, a man disseised of his land might lawfully regain possession thereof by force; and the party turned out by force had no remedy to regain possession." But that was changed by statute of 5 Richard II., which contains the first principle of the law of forcible entry, and is expressed as follows:—

"1. . . . : That none from henceforth make any entry into any lands and tenements, but in case where entry is given by the law; and in such case not with strong hand nor with multitude of people, but only in peaceable and easy manner.

"2. And if any man from henceforth do to the contrary and thereof be duly convicted, he shall be punished by imprisonment of his body and thereof ransomed at the king's will."

By subsequent statutes, justices of the peace were vested with jurisdiction to try the forcible entry complained of; and if the same be found by the jury, then, besides the fine on the offender, the justices shall make restitution by the sheriff of the possession without inquiry into the merits of the title; for the force is the only thing to be tried, punished, and remedied. (4 Bla. Com. 148.)

These are substantially the provisions of existing legislative enactments of the United States upon the subject of forcible entry upon lands. The language of our code is:—

"Every person is guilty of a forcible entry who either,— 1. By breaking open doors, windows, or other

parts of a house, or by any kind of violence or circumstance of terror, enters upon or into any real property; or 2. Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession." (Code Civ. Proc., sec. 1159.)

By code law a peaceable entry upon land is permissible, but an entry by force and violence is prohibited. The code expression of an entry by "violence or circumstances of terror," is the equivalent of the English statutory law expression of an entry " with strong hand and a multitude of people." To constitute such an entry under either law, it is not necessary that it should be accompanied with tumult or riot, directed against the person of the party in possession. It will be sufficient if it is attended with such a display of force as manifests an intention to intimidate the party in possession, or deter him from defending his rights, or to excite him to repel the invasion of his possession, and thus bring about a condition of things which the law was intended to prevent and punish, namely, acts tending to excite a breach of the peace.

Where an entry is made with such a display of force, accompanied by destruction of property upon the land on which the entry is made, it is a forcible entry, whether the owner of the land was or was not absent from the scene of action.

Such is the result of the cases under our code, and the statutory laws of other states. (*Mason* v. *Powell*, 38 N. J. L. 576; *Gray* v. *Collins*, 42 Cal. 152; *Brown* v. *Perry*, 39 Cal. 23; *Ainsworth* v. *Barry*, 35 Wis. 136; *Steinlein* v. *Halstead*, 42 Cal. 422; *Warren* v. *Kelly*, 17 Tex. 544; *Allen* v. *Tobias*, 77 Ill. 169.) And an application of the principle of those cases to the facts of this case resolves the validity of the judgment appealed from.

It is conceded that the plaintiff was in the actual and peaceable possession of the premises, upon which the defendant, at an unusual time, and with a large number

of men entered, by tearing down the fence, and removing its materials to another part of the land. Such acts were more than a trespass; they constituted a forcible entry. (*Gray* v. *Collins,* and *Brown* v. *Perry, supra.*) The fact that the defendant did not personally remain in possession of the land, upon which he entered by violence, does not affect the character of his entry. He was legally adjudged guilty of a forcible entry.

Let the judgment and order be affirmed. So ordered.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.