THEODORE GALLIGHER v. WILLIAM J. CONNELL.

[FILED OCTOBER 26, 1892.]

1. **Forcible Entry and Detention:** PRIOR POSSESSION. Where a grantee of real estate, on receiving his deed, takes undisputed possession of the property conveyed, and in good faith continues in possession thereof, by himself, his agent or tenant, causing the premises to be fenced and cultivated, such facts constitute a prior possession which will entitle such grantee or his tenant to prosecute one by whom he is dispossessed for forcible entry and detention.

2. ——— : EVIDENCE. In a proceeding for forcible entry and detention the plaintiff may be permitted to prove payment of taxes by one under whom he claims, for the purpose of showing that the claim and possession of the latter is in good faith.

3. **Instructions** set out in the opinion, *held*, properly given and refused.

4. **Evidence** examined, and *held* sufficient to sustain the judgment of the trial court.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Gregory, Day & Day,* for plaintiff in error.

*Connell & Ives, contra.*

POST, J.

This was an action for forcible entry and detention of certain real estate in the city of Omaha, and comes into this court by petition in error from the district court of Douglas county. A former judgment in the same case was reversed in this court. (*Galligher v. Connell,* 23 Neb., 391.) The first ground for reversal assigned by counsel for plaintiff in error at this time is, that there is not sufficient evidence to sustain the verdict in favor of the defendant in error. It is said in the former opinion, page 403: "It is

claimed, however, that the rights of Mr. Connell date from
the time of his alleged possession by cutting brush in the
winter of 1884 and 1885, and by the plowing which he
caused to be done in the spring of 1885. But such acts
will not of themselves create a lawful possession. So far
as the record discloses, the entry of Mr. Connell therein
was unlawful and forcible, even if it is admitted he was
acting under Peabody. There is no evidence that Peabody
had any title to the half lot in controversy." On the sec-
ond trial the defendant in error introduced a deed from Joel
T. Griffin and Rollin C. Smith, the parties who subdivided
and platted the addition in question, for the property in
controversy to Wm. L. Peabody, dated February 25, 1869,
together with the original plat thereof. He also testifies
that Mr. Peabody took possession soon afterward under
his deed and remained in possession until some time in
1880, when he left the state; that it was completely enclosed
by Peabody, by a good, substantial wire fence and posts,
the latter being about eight feet apart, some of which still
remain standing; that he, Peabody, planted trees thereon,
twenty or thirty of which are still standing; that about the
year 1883, Peabody, by letter, requested him to take pos-
session of the property and hold it for the former; that he
enclosed it, with land of his own, by a barbed wire fence,
which was removed by order of the city marshal, being
prohibited by ordinance. On removing the barbed wire
he rebuilt the fence with boards and cleared away the su-
mach bushes; that in the year of 1884 he arranged with a
tenant to cultivate the land in controversy with his own in
the same enclosure; that the latter was engaged in plowing
when dispossessed by plaintiff in error Galligher, and that he
had been in the continual, uninterrupted possession by him-
self or tenant from the year 1883, until the entry of Galli-
gher. The evidence is therefore entirely different from that
adduced on the former trial. Nor can the verdict be said
to be against the weight of evidence in the sense that would

warrant this court in interfering. It tends to establish the claim that defendant in error and Peabody, under whom he claims, had had the uninterrupted possession 'of the property in dispute since the year 1869, or shortly there-after, under a claim of title. This is such a lawful, prior possession as will support an action of forcible entry and detention. (*Campbell v. Coonradt*, 22 Kan., 704.)

Second—It is claimed that the district court erred in giving the following instruction at the request of the plaintiff below:

"While it is the law, as stated by the supreme court, and as you have been instructed by the third instruction given you on behalf of the defendant, that the mere cutting of a few brush or the attempt to plow the land in controversy would not of itself constitute possession, nor would the attempt to enter upon the prior, actual possession of defendant (if he ever had such possession) furnish any grounds for this action, you are instructed that it is also the law that if the plaintiff, under an arrangement with Mr. Peabody, entered into the peaceful possession of the ground in controversy in 1884, with the right to occupy and use the same, and you find such to be the fact from the evidence before you, and you also find from such evidence that at such time the said ground was open, vacant, and had been abandoned, and that after Mr. Connell obtained peaceable possession of said land he built and repaired fences so as to completely enclose the same, and if you find that brush was cut in 1884 by Mr. Connell, wires removed and the fence maintained until April, 1885, and that during said month, while the fence enclosed said land, he commenced plowing said land, and while the plow was in the furrow the defendant Galligher entered upon said land, securing the plow and preventing, by threats of personal violence, the completion of said plowing by Rasmussen for Mr. Connell, such entry upon the part of Mr. Galligher would be unlawful and forcible, and it would be your duty to so decide by your verdict."

The particular objections to this part of the charge are,. first, that it is argumentative; and, second, that it contains a number of independent clauses and that the jury must have understood it as a direction to return a verdict for plaintiff below if they found in his favor upon the proposition contained in either one of such clauses. As to the first. objection it may be said that no force is added to an instruction by an exordium like that in the one above, yet we are unable to conceive how the plaintiff could have been prejudiced thereby. As to the second objection the instruction will not bear the construction given it by counsel for plaintiff in error. The alleged independent clauses are all connected by the word "and." The natural and reasonable construction thereof is, that if the jury found for the plaintiff below upon each of said propositions they should return a verdict in his favor.

Third—Exception is taken to the refusal of the following instruction asked by the defendant below:

"Sixth—It being made to appear without controversy that in March, 1882, the defendant Galligher, by himself and by his sub-lessee, Richard Colgan, entered into the actual possession and occupancy of the premises in question under and by virtue of a lease from one James E. North, who held title to the same by deed, and that said defendant Galligher, by himself and by his sub-lessee, Colgan, continued uninterrupted in actual, open possession of said premises up to the time of the commencement of this suit,. you are directed to find for the defendant."

This instruction was properly refused. It assumes as. undisputed the very question at issue, viz., the possession of the property in controversy. Defendant in error had testified to his possession since 1883, and is in part corroborated by Rasmussen, his tenant.

Fourth—Finally, exception is taken to the ruling of the court in permitting the plaintiff below to prove the payment of taxes on the property in controversy by Peabody

on the ground that it tended to raise a false issue. The objection was not well taken. The evidence was admissible for the purpose of proving the *bona fides* of Peabody's possession and claim of title. There is no prejudicial error in the record, and the judgment is

AFFIRMED.

THE other judges concur.